GREGORY T. VAN METER, Receiver, *et al.*

*v.*

HORACE H. THOMAS *et al.*

*Filed at Ottawa October 29, 1894.*

1. FREEHOLD—*whether involved in a suit.* A freehold is not involved unless the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or unless the decision of the case necessarily involves that issue.

2. SAME—*not involved in a suit to foreclose.* A suit to foreclose does not involve a freehold, and the same is true of a question as to what persons are entitled to the proceeds of a foreclosure sale.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. WILLIAM J. AMMEN, for the plaintiffs in error.

Mr. ALEXANDER S. BRADLEY, for Horace H. Thomas and W. Beach Taylor, defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

A motion is made in this case to dismiss the writ of error for want of jurisdiction. In a foreclosure proceeding begun on May 1, 1875, in the Circuit Court of Cook County by the filing of a bill by Eli G. Runals against Isaac Simmons, the mortgagor, and certain parties holding under him, a decree of foreclosure was entered on March 1, 1876, finding that $4680.00 was due on the mort-

gage debt, and that one Emanuel Sandheimer had a lien upon the amount so due to the extent of $4592.28, and ordering that the mortgaged premises be sold, and that out ·of the proceeds of sale $4592.28 should be paid to Sandheimer and the balance to Runals.

About ten days after this decree was entered in favor of Sandheimer and Runals, one John H. Roberts, a receiver appointed in a proceeding by creditor's bill begun in said Circuit Court on April 1, 1874, by Abner C. Harding against said Runals, filed an affidavit in said foreclosure proceeding, claiming to have an ·equitable lien upon said mortgages as being assets of Runals, the judgment debtor. Thereupon on March 18, 1876, the court entered an order that so much of said decree of foreclosure as provided for the payment of the proceeds of sale to Sandheimer or Runals and as related to the claim of Sandheimer, should be vacated, and "that the determination of the proper party entitled to said moneys be reserved for the further order and decree of" the Court.

On April 21, 1880, an order was entered dismissing the foreclosure suit for want of prosecution. The creditor's suit, in which Roberts had been appointed receiver, was dismissed on June 12, 1882. It appears that Roberts resigned his receivership, and one Sidney P. Walker was appointed receiver in his place, and that Walker died on January 1, 1884. In 1878 Sandheimer and Runals sold out and assigned in writing all their interest in the decree of foreclosure entered on March 1, 1876, to one Daniel Head, who subsequently sold and assigned his interest therein to W. Beach Taylor. On March 24, 1888, the court entered a decree, finding that Taylor was the owner of said decree and should be substituted to all the rights of Sandheimer and Runals therein, and ordering that the mortgaged premises be sold by the master, and that the proceeds of sale be paid to Taylor.

The master had advertised the premises for sale under the decree of March 1, 1876, as modified on· March 24, 1888,

when a bill was filed to enjoin the sale by one Alice M. Kirby, claiming to be owner of the equity of redemption in the said mortgaged premises by deeds from the said parties holding under the mortgagor, Simmons. After a hearing the Kirby bill was dismissed for want of equity, and the decree of dismissal was affirmed by the Appellate Court. Upon appeal to this Court the judgment of the Appellate Court was affirmed as will be seen by reference to the case of *Kirby* v. *Runals*, 140 Ill. 289, where the material facts hereinbefore stated are more fully set out, and where the said order of March 18, 1876, is set forth in full.

After the temporary injunction in the *Kirby* suit had been dissolved, the master sold the premises under said foreclosure decree on February 26, 1890, to defendant in error, Horace H. Thomas, and issued to him a certificate of sale. The premises not having been redeemed, a master's deed was executed and delivered to Thomas on February 23, 1892. On June 8, 1892, upon proper showing made as to demand and exhibition of the master's deed, an order was entered directing the parties in possession of the mortgaged premises, including said Alice M. Kirby, to deliver up the possession thereof to Thomas.

On February 5, 1892, George F. Harding, as executor of the estate of said Abner C. Harding, deceased, filed a petition in the creditor's suit above referred to, setting up, that the order dismissing said suit on June 12, 1882, had been set aside the next day, but by mistake of the clerk had not been spread upon the records; that on December 22, 1875, a final decree had been entered in said creditor's suit; that said decree was still unpaid; that said Runals died intestate on November 7, 1890, and George F. Harding Jr. had been appointed administrator of his estate by the Probate Court of Cook County; and that said Walker had died; and, in said petition praying that said creditor's suit be reinstated; that an order setting aside the dismissal of the cause be entered *nunc pro*

*tunc* as of June 12, 1882; that said cause stand as a pending case; and that Harding Jr., administrator, be substituted as defendant, and that Harding Sr., executor, have leave to apply for the appointment of another receiver. On the same day, February 5, 1892, an order was entered in said creditor's suit in accordance with the prayer of said petition, and the plaintiff in error herein, George T. Van Meter, was appointed receiver of the estate of said Runals in the place of said former receivers.

Thereafter, on March 22, 1893, in the foreclosure suit, said Harding Jr., administrator, filed a petition, setting up his appointment as administrator and Van Meter's appointment as receiver; that Alice M. Kirby was sole owner of the equity of redemption; that the order of March 24, 1888, had been obtained by parties having no authority to appear in said cause and without notice to Roberts; and praying that Harding Jr. be substituted as complainant in said foreclosure suit; that Van Meter be substituted in place of said Roberts; that said Kirby be made party defendant; and that said order of March 24, 1888, be set aside.

On the same day, March 22, 1893, in said foreclosure proceeding (if it was still pending) an order was entered substituting Harding Jr. administrator of Runal's estate, as complainant in said cause, and Van Meter, receiver of said estate, as intervener therein in lieu of said Roberts, and making said Kirby defendant, and ordering summons to issue against her if she does not enter her appearance.

On March 23, 1893, a *præcipe* was filed in this Court for the issuance of a writ of error at the suit of said Van-Meter as receiver and said Harding Jr., as administrator against said Thomas, Simmons, Kirby, Sandheimer, Taylor, and certain other parties who were defendants to the original foreclosure bill.

If a freehold is not involved, the writ of error in this case must be dismissed. That a freehold is not involved is quite apparent from the foregoing recital of the facts.

If the order, substituting the present plaintiffs in error for the complainants in the suit below, be valid, then the case presented is one where the complainants in a decree of foreclosure and sale are seeking to review a decree rendered in their favor. It is well settled by the decisions of this court that a freehold is not involved in a suit to foreclose a mortgage. (*Carbine* v. *Fox*, 98 Ill. 146; *McIntyre* v. *Yates*, 100 id. 475; *Clement* v. *Reitz*, 103 id. 315; *C., B. & Q. R. R. Co.* v. *Watson*, 105 id. 217; *C. & G. W. R. L. Co.* v. *Peck*, 112 id. 408).

One of the assignments of error is, that the court erred in entering the order of June 8, 1892. That was an order directing that the possession of the premises be surrendered to the purchaser at the foreclosure sale. Thomas, the purchaser, was not a party to the proceeding in the court below. There was no contention as to a freehold at issue between him and any of the parties to the suit. (*Malaer* v. *Hudgens*, 130 Ill. 225). If any question of title arises as to him, it is only incidentally or collaterally involved. To justify a review by this court, a freehold must be directly involved, (*Zinc Co.* v. *City of LaSalle*, 117 Ill. 411); and the necessary result of the judgment or decree must be that one party gains and the other loses a freehold estate, or the title must be so put in issue by the pleadings that a decision of the case necessarily involves a decision of such issue. (*C., B. & Q. R. R. Co.* v. *Watson*, *supra*).

The real contention here, as presented by the foregoing review of the proceedings, is as to the ownership of the decree itself, plaintiffs in error claiming that they had a lien upon the mortgages by their creditor's bill, and that this lien was superior to the rights of Taylor and Runals and Sandheimer. This contention resolves itself into a question whether the proceeds of the sale should be paid to Taylor in accordance with the order of March 24, 1888, or whether plaintiffs in error are entitled to the proceeds. Such is, in substance, the view, which is ex-

pressed in *Kirby* v. *Runals, supra.* The decision of a question, as to what persons are entitled to the proceeds of a foreclosure sale, in no way involves a freehold.

It is not intended in what is here said to pass any opinion upon the merits of this controversy. The facts have only been stated so far as it was necessary to do so, in order to determine whether a freehold was involved. It may be said, however, as to the order of dismissal entered on April 21, 1880, that that order has already been held by this Court not to have had the effect of vacating the final decree of foreclosure entered in March, 1876. (*Kirby* v. *Runals, supra*).

Let an order be entered dismissing the writ of error.

*Writ dismissed.*