## William M. R. Vose v. Josiah Cratty et al.

1. VOLUNTARY ASSIGNMENTS.—*Removal of the Assignee by the County Court.*—A County Court can remove an assignee only for statutory causes.

2. APPELLATE COURT PRACTICE.—*Where a Cause Will Not be Remanded.*—Where there is no longer, in the court below, anything to which a remand of a cause can attach, the court will not remand it in case of a reversal.

**Error**, to the County Court of Cook County; the Hon. CHARLES H. DONELLY, Judge, presiding. Heard in this court at the October term, 1896. Reversed. Opinion filed October 22, 1896.

WHITEHEAD & STOKER, attorneys for plaintiff in error.

E. M. ASHCRAFT and THOMAS CRATTY, attorneys for defendant in error.

The act of 1877 stripped the assignee in insolvency of his common law character. He is no longer a trustee in the sense that term is used in the older cases. He is an officer of the court, the right arm of the court, with power and obligations and character strictly analogous to those of a receiver. Freydendall v. Baldwin, 103 Ill. 325; Davis v. Chicago Dock Co., 129 Ill. 180, 193, 194.

The removal of a receiver rests in the sound discretion of the court and is not reviewable by appeal or writ of error. High on Receivers, 2d Ed., Sec. 825; 20 Am. and Eng. Enc. of Law, 225, and cases cited.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Since this case was docketed in this court, it has lost all practical importance.

The writ of error was sued out to review an order of the County Court, removing an assignee under an assignment for the benefit of creditors for causes alleged, other than those for which the statute provides—in section 12 of the act of 1877 concerning voluntary assignments—that an assignee may be removed by that court.

But since the writ was sued out all the creditors have been paid, all the property disposed of, and all proceedings in the County Court ended.    There is no longer in that court anything to which a remand of this cause could attach.    Under such circumstances, we content ourselves with saying that a County Court can remove an assignee only for statutory causes.    Munroe v. People, 102 Ill. 406.

The order is reversed at the costs of the defendants in error, but without remanding anything anywhere.