## William M. R. Vose v. Northwestern L. & B. Ass'n et al.

1. FREEHOLD—*When Involved.*—A freehold is involved where the primary object of the suit is the recovery of a freehold estate, the title of which is in issue, and where the suit, if prosecuted to a final result, is, one gains and the other loses the estate.

2. SAME—*In Voluntary Assignments.*—An order of the County Court disposing of an assignee's interest in real and personal property, by which he is divested of the title which the assignment vested in him, involves a freehold, and an appeal lies to the Supreme Court.

**Voluntary Assignment.**—Error to the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Writ dismissed. Opinion filed June 9, 1899.

**Statement of the Case.**—The defendant in error, the Northwestern Loan & Building Association, made an assignment to plaintiff in error August 6, 1895, ostensibly for the benefit of its creditors. The same day the plaintiff in error filed his bond as assignee. He continued to act as such assignee until October 1, 1895, when the County Court entered an order removing him as such assignee and appointing in his stead the defendant in error T. N. Jamieson. Plaintiff in error caused a writ of error to be issued out of this court to the County Court, for the purpose of having

said order removing him as such assignee reviewed by this court. October 22, 1896, said order was reversed by this court, but said cause was not remanded. See Vose v. Cratty, 66 Ill. App. 472.

August 16, 1895, Alfred E. Manning filed his bill in chancery in the Circuit Court of Cook County, praying, among other things, for the appointment of a receiver of said Loan & Building Association. September 13, 1895, said Jamieson was appointed such receiver by order of said Circuit Court. During the time said suit in error was pending in this court, said Jamieson continued to act as such assignee, and until September 18, 1896. September 17, 1896, the order was entered to reverse which this writ of error is prosecuted. By that order said Jamieson, as such assignee, was directed to turn over, assign, convey and deliver to said Jamieson as such receiver all the property and assets in his hands as such assignee, and that upon so doing he be fully and finally discharged as such assignee. No supersedeas was issued by this court in said error proceeding. September 18, 1896, an order was entered by the County Court discharging said Jamieson as such assignee from any further duties, liabilities or obligations, said Jamieson as assignee having, it seems, conveyed the real estate and other property as directed by said order of September 17th.

The title to a large amount of real estate passed by said deed of assignment to plaintiff in error, and under and in pursuance of the orders of said County Court, passed from plaintiff in error to said Jamieson as assignee, and from said Jamieson as assignee to said Jamieson as such receiver.

WHITEHEAD & STOKER and FRANK B. DRAPER, attorneys for plaintiff in error.

. JOSIAH CRATTY, attorney for defendant in error the N. W. L. & B. Ass'n; E. M. ASHCRAFT and THOMAS CRATTY, attorneys for defendant in error Jamieson; C. E. CLEVELAND, of counsel.

MR. JUSTICE HORTON delivered the opinion of the court. Defendants in error moved this court to dismiss this

cause on the ground that a freehold is involved, and that therefore this court is without jurisdiction. That motion was reserved to the hearing. It must now prevail.

The statute provides, in substance, that this court shall not entertain jurisdiction in cases involving a freehold, and that in such cases an appeal shall lie directly to the Supreme Court. (Hurd's Stat., Ch. 37, Sec. 25.) Whether a freehold is involved in a particular case has been frequently before the courts of this State. A freehold is involved " where the primary object of the suit is the recovery of a freehold estate, the title whereof is directly put in issue, and where the suit, if prosecuted to a final determination, will, by virtue of the judgment or decree rendered therein, as between the parties, result in one gaining and the other losing the estate." C., B. & Q. R. R. Co. v. Watson, 105 Ill. 217 222.

That case has been frequently cited with approval, and the rule there stated may be considered as the settled law of this State. Van Meter v. Thomas, 153 Ill. 65; Howe v. Warren, 154 Ill. 227, 253.

By reference to the record and files in the case of Vose v. Cratty (66 Ill. App. 472), we find that the order of September 17, 1896, now before this court upon this writ of error, was before the court in that case. Defendants in error in the former case moved this court to dismiss the same. In his suggestions filed in opposition to that motion, plaintiff in error, by his attorneys (the same attorneys appearing for him now), made the following statement, viz.:

"The order entered by the County Court in the Cratty petition was a final order. It disposed of all of Vose's interest in the matter. He was divested of the title to the property which the assignment vested in him."

This being true, it can hardly be contended that a freehold is not involved in the case now before this court. The purpose, as well as the effect of sustaining the view of plaintiff in error, would be to divest the title of Jamieson as receiver to real estate, and re-invest the same in plaintiff in error. This court has no jurisdiction in this case.

By the final order of this court in Vose v. Cratty, *supra*, the

order removing plaintiff in error as assignee was reversed, but there was no remanding order. No supersedeas had been ordered or granted in that case. By reference to the opinion of the court, we find this statement, viz.:

" But since the writ was sued out, all the creditors have been paid, all the property disposed of, and all proceedings in the County Court ended. There is no longer in that court anything to which a remand of this cause could attach."

The order, to reverse which this writ of error is prosecuted, was before the court in the Cratty case.

Whether the Cratty case is *res adjudicata* as to the plaintiff in error, and also whether this court has jurisdiction for the reason that plaintiff in error had no standing in the County Court when this writ of error was sued out, may be doubted. But as the motion to dismiss for want of jurisdiction must be sustained because a freehold is involved, we do not deem it necessary to determine the questions thus presented.

The motion to dismiss the writ of error for want of jurisdiction because a freehold is involved, is sustained, and the writ dismissed.