### Edward H. Heuschkel et al. v. Agnes Heuschkel.

1.  FREEHOLD—*When Not Involved.*—Where the issues in a case do not question the right of a widow to claim her dower, but relate only to the court's action in refusing to sustain a plea in abatement, a freehold is not involved.

2.  FORMER SUIT—*Plea of, in Abatement.*—A bill by the heirs of a deceased testator against the widow in her own right and as executrix, praying that her dower be assigned, that partition be made of the real estate, an accounting be taken of the rents, profits and income of the real estate, that the will be construed, and that the bequests and legacies be set apart in accordance with its terms, can not be pleaded in abatement to a bill subsequently filed by the widow praying that her dower in the real estate left by the testator be assigned and set off to her according to the statute, and that she be awarded damages suffered by its having been so far withheld.

3.  DOWER—*Assignment of, Not to be Indefinitely Delayed.*—The right to assignment of dower is conferred by the statute, and can not be indefinitely delayed to await the process of another suit under control of adverse interests, involving matters of an entirely different nature, and in which the assignment of dower is only incidentally prayed.

**Bill for Dower, etc.**—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 19, 1899.

**Statement.**—One Frank Heuschkel died testate in November, 1895, seized of real estate. The will having been duly admitted to probate, and letters testamentary issued in accordance with its provisions, appellee, who is the widow of said testator, filed in the Probate Court within the year,

her renunciation under the will, and elected to take under the statute. She caused notice of such renunciation and a demand in writing that her dower be set off to her, to be served upon the heirs at law. December 3, 1896, within a month after such renunciation, the heirs at law filed a bill in the Circuit Court against her as widow and as executrix —joining certain other parties whose rights are not involved in this appeal—praying that the dower of appellee be assigned, that partition be made of the real estate, that an accounting be taken of the rents, profits and income of the real estate, that the will be construed, and that the bequests and legacies be set apart in accordance with its terms.

To this bill appellee first filed a general demurrer. Subsequently a demurrer to so much of said bill as prayed for relief other than assignment of appellee's dower was filed; and also an answer admitting that the prayer for such assignment of dower should be granted, and asking that dower be set off to her in accordance with the provisions of the statute.

January 4, 1898, more than a year thereafter, appellee herself filed a bill, also in the Circuit Court, praying that her dower in the real estate left by the testator be assigned and set off to her according to the statute, and that she be awarded damages suffered by its having been so far withheld.

To this bill certain of the defendants therein filed a plea in abatement, and set up the pendency of the former suit begun December 3, 1896. The plea alleges that the bill of complaint in that case was exhibited "for the purpose of assigning and setting off to the above named Agnes Heuschkel as widow of Frank Heuschkel, deceased, her dower in all of the premises described in complainant's present bill, and to have said premises partitioned and divided among the heirs of Frank Heuschkel, deceased, and for certain other relief in the premises, and such further relief as equity might require and as should to this honorable court seem just and proper, and praying particularly that the dower of

said Agnes Heuschkel may be assigned and set off to her out of the above described real estate, to the same effect as the complainant now prays by her said present bill, and said complainant, Agnes Heuschkel, appeared as defendant in that suit, and demurred to so much of said bill except as prayed for the assignment of and allotment of her dower, and answered the remainder of said former bill, and that said former bill, and the several proceedings in the said former suit, now remain pending and undisposed of, and of record in this honorable court, the said cause being yet undetermined and undismissed; wherefore these defendants pray that the said bill of complaint herein, filed by Agnes Heuschkel, complainant, may be dismissed and her suit abated," etc.

To this plea complainant filed her replication. The cause was referred in due course to the master, who reported that in the former suit, " all of the relief prayed for by complainants, and which they themselves may obtain ultimately, is not in any way included or involved or covered by the bill of complaint in this cause."

A decree was entered finding appellee entitled to dower in accordance with the prayer of her bill, from which appellants prosecute this appeal.

George Hunt and James R. Ward, attorneys for appellants.

Loesch Brothers & Howell, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

Counsel for appellee have filed a motion for the dismissal of the appeal, upon the ground that a freehold is involved, and therefore this court has no jurisdiction. The issues in this case, however, do not raise any question of appellee's right to dower in the real estate described in the bill. The errors assigned relate to the court's action in refusing to sustain the plea in abatement. To this plea replication was filed, and thus its truthfulness was put at issue. This was the only issue involved. But the plea does not question

complainant's right to the dower she claims. It disputes only her right to maintain this suit, upon the ground that a former suit instituted for the same purpose and relief, is still pending and undisposed of. The right of appellee to the dower claimed is not put in issue at all. A decision of the only question before us upon this appeal does not determine any question relating to complainant's right to a freehold interest in the land described in her bill of complaint. It determines only the question of her right to maintain this suit. The question of a freehold not being involved, the appeal is properly taken to this court. Van Meter v. Thomas, 153 Ill. 65–69; Rhodes v. Rhodes, 172 Ill. 187–191.

It is urged by counsel for appellee that the plea of abatement was properly overruled upon the merits. The master found that although the fact of difference in parties to the two suits is immaterial, there is substantial difference in the relief sought. In this we concur. In the former suit the complainants therein seek relief for themselves. While the bill in that case does incidentally ask that appellee's dower be assigned to her, the scope and purpose of the bill are to obtain relief in other and very different respects. The latter suit has for its purpose to procure the assignment of the dower to which, under the statute, appellee is entitled. The plea does not aver either directly nor by implication from the facts as therein stated, that the second suit is for the same subject-matter as the first. Neither does it aver that the proceedings in the former suit were taken for the same purpose as the latter. It is evident from the plea itself that they were not so taken. Story's Equity Pl., Sec. 737–739; 1 Daniell's Chancery Practice (6th Ed.), 636.

The right to assignment of dower is conferred by the statute, and it would be inequitable to hold that this could be indefinitely delayed to await the slow progress of another suit under control of adverse interests, involving matters of an entirely different nature, and in which the assignment of dower was only incidentally prayed.

Finding no error in the decree of the Circuit Court it must be affirmed.