DORA E. EDDLEMAN

*v.*

ARNAUD A. FASIG.

*Opinion filed December 20, 1905.*

APPEALS AND ERRORS—*freehold not involved on appeal from a decree permitting redemption.* A freehold is not involved on appeal from a decree granting complainant's prayer to have a deed, absolute in form, declared to be a mortgage and to permit redemption, even though, as an incident to the redemption, a deed to a third person who had notice that the deed purporting to vest title in her grantor was intended as a mortgage is set aside.

APPEAL from the Circuit Court of Union county; the Hon. A. K. VICKERS, Judge, presiding.

This was a bill filed in the circuit court of Union county seeking to have a deed absolute on its face declared to be a mortgage and to permit a redemption therefrom. The bill was originally filed by one George W. Smith against Ida M. Browning, who was defaulted. On petition of appellant, who claimed to be the owner of the premises in controversy under an unrecorded deed made by Mrs. Browning prior to filing the bill, she was permitted to come in and defend. While the litigation was pending, the appellee purchased Smith's alleged equity of redemption and became complainant by substitution. The trial court found that the transaction between Smith and Mrs. Browning was a mortgage and that appellant had notice of that fact at the time the premises were conveyed to her, and a decree was entered permitting a redemption. A motion was made to dismiss the appeal on the ground that a freehold was not involved, and therefore this court was without jurisdiction, which was reserved until the hearing.

DAVID W. KARRAKER, for appellant.

JAMES LINGLE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

In the case of *Lynch* v. *Jackson,* 123 Ill. 360, which was a bill to redeem, framed on the theory that a deed made by Lynch to Jackson, though absolute in form, was nevertheless a mortgage, an appeal direct to this court was dismissed, and the court say (p. 361) : "On the theory on which the bill is framed,—that the deed from complainant to Jackson is only a mortgage,—it follows the title to the mortgaged premises is not involved in the litigation, for the obvious reason the payment of the indebtedness secured discharges the mortgage lien, and the appeal should have been taken, in the first instance, to the Appellate Court." This reasoning was followed in *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199, which was a bill seeking a decree, as in this case, declaring a certain deed absolute on its face to be but a mortgage and that appellant be allowed to redeem, and the appeal was dismissed.

In *Adamski* v. *Wieczorek,* 181 Ill. 361, the foregoing cases were cited with approval, although it was contended that they were not in point for the reason that the decree would necessitate the setting aside of a deed made by the grantee in the deed alleged to be a mortgage, to a third person ; but the court held that the deed to the third person was made pending the litigation, and that when the court found and decreed that defendant in error was entitled to redeem, the mere fact that the deed to the third party was set aside as a cloud on the title did not change the character of the bill or the relief sought. The setting aside of the deed was a mere incident to the right of redemption sought in the bill, and it had no bearing on the real question in controversy between the parties. It is contended in this case that appellant had actual notice of the nature of the transaction between Smith and her grantor, and the trial court so found. In the *Adamski case, supra,* the notice to the subsequent purchaser was by *lis pendens.* In this case it was actual notice. Aside from the nature of the notice we are unable

to distinguish the cases, and are of the opinion that under the authorities above cited this court has no jurisdiction to entertain this appeal.

The appeal must be dismissed.          *Appeal dismissed.*