Hill v. Viele.

---

## William Hill v. Jesse F. Viele et al.

### Gen. No. 4,520.

1. FREEHOLD—*when not involved.* A freehold is not involved in a bill to redeem from a deed absolute in form, but in fact a mortgage.

2. CONSTRUCTIVE MORTGAGE—*what essential to establish claim of.* In order to establish a claim that a deed absolute in form is in fact a mortgage, a mere preponderance of evidence is not sufficient. The evidence must be clear, sufficient and convincing that such conveyance was intended to be a mortgage.

Bill to construe deed as mortgage. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed July 17, 1906.

EDWARD C. FITCH and L. H. BENNETT, for appellant; JOEL C. FITCH, of counsel.

D. L. SMILEY and L. D. LOWELL, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a bill filed February 18, 1902, in the Circuit Court of Lake county by appellant, William Hill,

against Jesse F. Viele, Charles Jahnke and Charlotte Strobach, appellees, praying that a conveyance from Hill to Mrs. Strobach, in form a warranty deed, of a lot in the village of Barrington, be decreed to be a mortgage; that appellant be permitted to redeem therefrom, and to enjoin Viele from prosecuting a suit in forcible detainer against appellant.

The bill alleges that the premises described in said deed were at the time of the making of the deed, and up to the filing of the bill, occupied by appellant as his homestead, that the conveyance was made to secure $300 before that time loaned by Mrs. Strobach to Hill, and such other sums as might be loaned by the grantee to the grantor not exceeding $700, including the $300; that Mrs. Strobach, subsequent to the delivery and recording of the said conveyance, executed and delivered to appellant an instrument in writing, in which she declared said deed was given only as a security for money loaned, and that the said instrument is in the possession of one Butterworth, attorney for appellant in a former forcible detainer suit prosecuted by Jahnke against Hill, and that appellant is unable to set forth said instrument with any more particularity.

The bill alleges also that before said deed was filed for record, an execution from the Circuit Court of Cook county was levied on the premises described in the deed, and said premises were sold to Charles Jahnke on said levy on the 8th of January, 1896, but without setting off the homestead of appellant; that Mrs. Strobach on March 5, 1901, conveyed said premises wrongfully by warranty deed to appellee, Jesse F. Viele, to defraud appellant while negotiations were pending between appellant and Mrs. Strobach to liquidate and settle their accounts, and that Viele had knowledge of the equities of appellant; that Viele has commenced proceedings in forcible detainer to oust appellant from the premises described in the deed. Defendants Viele and Jahnke answered deny-

ing that the deed was executed as a mortgage, and that any such paper as a defeasance was ever in appellant's or his attorney's possession, or ever executed by Mrs. Strobach, and allege that Mrs. Strobach was the owner in fee simple, and that Viele bought without notice of any equity of appellant. Mrs. Strobach was defaulted; replications to the answers filed and the evidence heard in open court.

After the evidence was partly heard the bill was amended by interlineation striking out the date of the deed, "December 3, 1895," as alleged in the sworn bill, and inserting "April 4, 1896," as the date, and also changing the allegation as to the time of recording from "December 5, 1895," to "April 6, 1896." The answers were also amended so as to deny the amended allegations.

The Circuit Court found that on December 3, 1895, a deed was made from appellant to Charlotte Strobach, and on the same day appellant executed a note dated December 2, 1895, for $500 to Mrs. Strobach, the grantee named in the deed, and that Mrs. Strobach executed a condition of defeasance back to appellant, and that the deed, note and defeasance were all executed and delivered the same day, December 3, 1895, and that said deed was recorded December 5, 1895. The court further found that afterwards, on April 6, 1896, appellant executed and delivered to Mrs. Strobach a second deed for the same premises without any condition or reservation whatever, and that this deed was recorded April 6, 1896, and that on March 5, 1901, Mrs. Strobach, now Mrs. Meier, conveyed said premises to Jesse F. Viele, and that he is the owner of the same, and dismissed the bill.

Appellees have entered a motion to dismiss the appeal upon the ground that a freehold is involved, and that therefore this court is without jurisdiction. A freehold is not involved in a bill to redeem from a deed absolute in form, but, in fact, a mortgage. Lynch v.

Jackson, 123 Ill. 360; Kirchoff v. Union Mutual Life Ins. Co., 128 Ill. 199. A freehold is not involved on appeal from a decree granting complainant's prayer to have a deed absolute in form declared to be a mortgage and to permit redemption, even though, as an incident to the redemption, a deed to a third person who had notice that the deed purporting to vest title in the grantor was intended as a mortgage, is set aside. Eddleman v. Fasig, 218 Ill. 340; Adamski v. Wieczorek, 181 Ill. 361.

The question of whether the deed from appellant to Mrs. Strobach was a deed or mortgage is the controverted question in this case and does not involve a fr.     Kirchoff v. Union Mutual Life Ins. Co., 128 ... the said deed be found to be a mortgage, then the question whether Viele had any notice of such fact before the delivery of the deed from Mrs. Strobach to him becomes a material issue that must be passed upon. If the deed from appellant to Mrs. Strobach was, in fact, only a mortgage, and Viele took a deed with notice of such fact, then Viele is only an assignee of the mortgage of Mrs. Strobach and a freehold is not involved. Eddleman v. Fasig, 218 Ill. 340. If the conveyance to Mrs. Strobach be found not to be a mortgage, or if it be found to be a mortgage, and that Viele had notice of that fact before the conveyance to him, in either case the motion to dismiss must be overruled.

The testimony of appellant shows that in 1895 his relations with Mrs. Strobach were particularly friendly; that appellant's wife had obtained a divorce from him, and the execution under which his property was sold in January, 1896, was based upon a decree for alimony; that Mrs. Strobach had loaned money to appellant and was assisting him in his litigation by advancing money for him to pay his attorneys in the divorce matter, and also in the forcible detainer suit afterwards begun by Jahnke, disposed of in favor of

Hill v. Viele.

appellant in the Circuit Court in March, 1898. He also testified that his family consisted of himself and one boy, and that he had in 1895 left his house and lived with Mrs. Strobach at her house in Cuba through the winter of 1895; that she first lived with appellant in his house from March, 1896, to March, 1897; that from May until the week before Christmas, 1900, she had lived on the premises while appellant was east, and that she had lived with, and kept house for him a year before that time.

The testimony of Hill shows that at the time of the execution of the deed dated December 3, 1895, a written defeasance was executed by Mrs. Strobach to appellant, and that on the same day he executed a note for $500 dated December 2, 1895, to Mrs. Strobach. Mr. Butterworth, attorney for Hill in his forcible entry suit with Jahnke, testified that Hill produced the defeasance at that trial and offered it in evidence, and he thinks Jahnke was there, so that Jahnke had notice of it, and that the defeasance is lost. Butterworth also testified as to the contents of the defeasance that it showed the deed to be a security for money loaned.

The only testimony as to what deed the defeasance applied to is that of appellant Hill, with the exception of Butterworth testifying that Mrs. Strobach told him she wanted Hill to win the forcible detainer suit to protect her, as she was anxious about the money, as her deed was to secure her for money advanced. Mrs. Strobach might well be anxious for Hill to win in the Jahnke suit. The forcible detainer suit begun by Jahnke was based upon a deed issued upon the execution for alimony levied on the property November 25, 1895, before the first deed was made to Mrs. Strobach. The value of the lot did not exceed $1,000 and was occupied as a homestead by Hill. This execution sale was made without setting off the homestead. If Hill should lose in the Jahnke suit, it would mean that

Mrs. Strobach's interest, whether a deed or mortgage, would be wiped out by the Jahnke deed and Mrs. Strobach would lose any claim she had, whether the same was a deed or mortgage, and what she had paid for the deed would be a total loss to her, and hence little, if any, weight can be given to the language claimed to have been used by her to Hill's attorney, Butterworth; certainly it is not sufficient to change a deed to a mortgage. Hill testifies the deed, note and defeasance were all executed at the same time. He identifies the note, and it bears date December 2, 1895. The first deed is dated December 3, 1895, and was recorded December 5, 1895, and if the defeasance was executed, then it applied only to that deed. There is not a word of evidence from Hill explaining how or why the second deed, dated April 6, 1906, which included an additional lot, came to be executed. Appellant Hill does not pretend to give any of the surrounding circumstances. The testimony would all seem to apply to the deed of December 3, 1895. Inference is sought to be drawn from the payment of taxes. Appellant was bound to pay the taxes up to and including those of 1895. He did not pay the taxes for the years 1896 to 1899. He paid them for 1900 and no others until after this bill was filed. We think, considering the relations of the parties, no inference can be drawn from such payments. The court will not presume that because the deed of December 3 was a mortgage, that the deed of April 6, following, was of the same character. The law will presume in the absence of proof to the contrary that a deed is what it purports to be—an absolute conveyance. A party who claims a deed absolute on its face to be a mortgage must sustain his claim by proof. A mere preponderance is not sufficient; the evidence must be clear, satisfactory and convincing that such conveyance was intended to be a mortgage. Burgett v. Osborne, 172 Ill. 227; Williams v. Williams, 180 id. 361; Heaton v. Gaines, 198 id. 479.

C. & J. Electric Ry. Co. v. Barrows.

There is no evidence that would justify holding the deed of April 6th was anything other than it purported to be—a deed absolute. The motion to dismiss is overruled and the decree of the Circuit Court affirmed.

*Affirmed.*