N. T. BURROUGHS

*v.*

CHARLES KOTZ.

*Opinion filed February 21, 1907—Rehearing denied April 3, 1907.*

1. APPEALS AND ERRORS—*fact that freehold is involved incidentally does not confer jurisdiction.* In order to give the Supreme Court jurisdiction upon the ground of freehold, the freehold must be directly, and not merely collaterally or incidentally, involved.

2. SAME—*an appeal from decree permitting redemption does not involve a freehold.* A freehold is not involved on appeal from a decree holding a certain master's certificate of sale to be in the nature of a mortgage and permitting the complainant to redeem within a certain time and directing a conveyance to him in that event, even though, as incidental to the relief, a master's deed to the defendant, executed after the bill was filed, must be set aside.

APPEAL from the Circuit Court of DuPage county; the Hon. L. C. RUTH, Judge, presiding.

On March 23, 1904, appellee filed his bill in the circuit court of DuPage county against appellant and others, asking for specific performance of a contract and a perpetual injunction as to disposing of a certain master's certificate, together with other relief. The bill was afterwards amended, asking that a certain master's certificate held by appellant, as affected by the transactions of March 21, 1904, hereafter described, might be decreed to be a mortgage; that an account. be taken; that the appellee be permitted to pay the amount due and thereby redeem the land; that appellant's conduct might be declared such as to raise a constructive trust in favor of appellee, and that appellee be allowed to have the same carried out in his favor by redeeming the premises and reimbursing Burroughs the amount paid out. The pleadings and entire record indicate that the case was tried upon the theory of the relief asked by the amended bill rather than that set up in the original bill. After a hearing the chancellor found in favor of the appellee, and decreed, among other things, that said appellee, Kotz, might redeem by paying to Burroughs the amount found to be due (afterwards fixed by stipulation at $16,127.91) within the time limited, and that thereupon said Burroughs (or, upon his failure, the master in chancery,) should give a deed to appellee for the premises involved, and the cause was then appealed here.

It appears that appellee had been the owner in fee of a tract of land lying in DuPage county on the line of the Aurora, Wheaton and Chicago Electric road. A decree of foreclosure of a mortgage thereon had been entered December 20, 1902, and the premises had been sold by the master, under said decree, to Charles P. Wurts for $13,064.88. No question is made as to the legality of these foreclosure proceedings. Some time thereafter appellee, then the owner of the equity of redemption, entered into negotiations with one W. W. Hazzard, of Cleveland, Ohio, concerning the formation of a company to establish and conduct a ceme-

tery on the land. September 11, 1903, Hazzard made a written proposal to Kotz, which was accepted by the latter in writing, wherein Hazzard stated that he would give Kotz for said tract of land, stock and bonds in the company as well as $15,000 in money, which money was to be used in getting possession of the master's certificate in order to cancel it when the formation of the cemetery company was completed. A supplemental agreement was entered into the same date, more in detail, containing a provision that "in the event of failure to incorporate said company, or the abandonment of the project for any reason whatever, the above mentioned encumbrance of $15,000 shall be considered as an ordinary mortgage loan" to appellee. The year allowed by the statute to Kotz to redeem passed by without anything definite being done and the three months allowed for judgment creditors to redeem was drawing to an end. About this time Hazzard brought the matter to the attention of appellant, who was a business man and banker of some means residing in Iowa. In order to be in a position to cause the premises to be redeemed, Kotz gave to C. Y. Boardman, a real estate man and a friend of both himself and Hazzard, a judgment note for $910, which was put in judgment in the DuPage circuit court March 21, 1904. At the same time the note was given Boardman he gave Kotz a written memorandum to the effect that the redemption proposed to be made under said note, and any title thereby acquired, should be for the benefit of said Kotz, subject to the re-payment of the encumbrance of $15,000, more or less; also subject to and for the purpose of carrying out the agreement between Kotz and Hazzard as it might be modified by consent of the parties. On Monday, March 21, 1904, appellant, appellee, Hazzard, Boardman, and several attorneys for the various parties, met in the office of Mr. Wurts, in Chicago, the owner of the master's certificate. It was represented to Wurts that in case he did not assign the certificate Boardman would proceed to Wheaton, the county seat

of DuPage county, and redeem as a judgment creditor, and Wurts thereupon, with some reluctance, received a check from Burroughs for the amount due and endorsed and delivered the master's certificate to Burroughs. There is considerable variance in the testimony as to just what the agreement was between Burroughs and Kotz concerning the terms upon which the former took the master's certificate, with reference to any trust on the part of Burroughs or any beneficiary interest on the part of Kotz in the certificate. There is also considerable variance and difficulty in ascertaining, from the testimony of the various witnesses, as to how much of the different transactions between Kotz, Hazzard and Boardman was known and ratified by Burroughs prior to obtaining the certificate. It appears that after obtaining the assignment of the master's certificate Burroughs agreed with Kotz that the latter might redeem the premises by paying the amount due on the mortgage, together with other charges, and that Kotz made several ineffectual attempts to secure the money to do this. The bill in this case was filed March 23, 1904. A master's deed was issued to Burroughs March 24, 1904.

ADLER & LEDERER, for appellant.

KERR & KERR, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Under the pleadings the primary claim of appellee is that the transaction of March 21, 1904, should be decreed to be a mortgage and that appellee should have a right to redeem therefrom. As the pleadings were finally amended all other claims are incidental to this primary one. The decree of the trial court found that the equities were with the appellee and that he was entitled to redeem the premises in question by paying to appellant the sum of $16,127.91, with interest from the date of the decree, within ninety days

from said date; that if he failed to so redeem, the bill of complaint should stand dismissed at his costs, and he, and all other persons claiming through him, should be forever barred from asserting any title or interest in the premises; that if he did so redeem, Burroughs (or, upon his failure or refusal so to do, the master in chancery,) should execute and deliver to the appellee a deed to the premises.

` We are met at the threshold of this cause with the question as to whether a freehold is involved herein. It has been held by this court that a freehold is not involved "where the litigation *may* in certain contingencies result in the loss of a freehold but which will not necessarily do so." (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 Ill. 217.) This court held in *Hollingsworth* v. *Koon,* 113 Ill. 443, and in *Lynch* v. *Jackson,* 123 id. 360, that the question of the right to redeem under a conveyance claimed to be a mortgage did not involve a freehold, within the meaning of that word as used in the statute. The fact that the decree orders appellant, on certain conditions, to convey to appellee does not determine that a freehold is involved. Until appellee had redeemed he would not be entitled, even in equity, to a deed. *(Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199.) Appellee may or may not avail himself of the right of redemption asked for in the bill and given him by the decree. It does not necessarily follow from the pleadings that appellant will necessarily gain or appellee lose such a freehold. Such result depends upon subsequent acts, which appellee may or may not perform. (*Ryan* v. *Sanford,* 133 Ill. 291.) There is no dispute in this record over the title previous to the granting of the certificate of sale. Whatever question of title arises in this case is only incidental or collateral to the right to redeem. To justify a review by this court a freehold must be directly involved, and the necessary result of that judgment or decree must be that one party gains and the other party loses a freehold estate, or that the title must be so put in issue by the plead-

ings that the decision of the case necessarily involves the decision of such issue. (*VanMeter* v. *Thomas,* 153 Ill. 65; *Beach* v. *Peabody,* 188 id. 75.) Neither can it be contended that a freehold is involved because the court by its decree practically authorizes the setting aside of the master's deed to appellant provided Kotz redeems in accordance with the provisions of the decree. The original bill in this case was filed before the master's deed was executed, and the setting aside of the deed is a mere incident to the right of redemption and has no bearing on the real controversy between the parties. (*Eddleman* v. *Fasig,* 218 Ill. 340; *Adamski* v. *Wieczorek,* 181 id. 361.) The allegations in the bill as to a trust, an accounting and specific performance were all collateral and incidental to the primary or chief allegation that the master's certificate, as affected by the transaction of March 21, 1904, should be decreed a mortgage and appellee have the right of redemption therefrom. A freehold must be directly involved, and not merely collaterally or incidentally, to give jurisdiction. *Matthiessen & Hegeler Zinc Co.* v. *City of LaSalle,* 117 Ill. 411; *Mayor of Roodhouse* v. *Briggs,* 194 id. 435; *Chicago Land Co.* v. *Peck,* 112 id. 408; *Kirchoff* v. *Union Mutual Life Ins. Co. supra; Adkins* v. *Beane,* 135 Ill. 530; *Goodkind* v. *Bartlett,* 136 id 18; *Nevitt* v. *Woodburn,* 175 id. 376; *Schoendubee* v. *Investment Union,* 183 id. 139; *Adamski* v. *Wieczorek, supra.*

While the parties have not raised this question of jurisdiction, we have held that "it is our duty to decline to proceed in cases where jurisdiction to determine them is wanting." (*Brockway* v. *Kizer,* 215 Ill. 188.) The appeal should have been to the Appellate Court. Under the authorities this court has no jurisdiction to entertain it. It must therefore be dismissed. Leave is given to withdraw the record, abstracts and briefs.          *Appeal dismissed.*