ARNOLD HOLINGER, Trustee, *et al. vs.* HARRIET E. DICK-
INSON *et al.* Appellees.—(JULIUS STICHERT, Appellant.)

*Opinion filed December 21, 1911.*

1. APPEALS AND ERRORS—*a freehold does not include the mere
right to that which in equity will entitle a party to freehold.* A
freehold, as that word is used in the statute authorizing an appeal
directly to the Supreme Court, does not include the mere right to
do that which in equity would entitle a party to a freehold.

2. SAME—*freehold is not involved in a proceeding to foreclose
a mortgage or for accounting.* A freehold is not involved in a
proceeding to foreclose a mortgage or to have a deed declared a
mortgage and permit redemption, or to require an accounting and
compel a conveyance upon payment of the amount found due.

3. SAME—*when issue made by cross-bill does not involve free-
hold.* A freehold is not involved where a cross-bill is filed in a
foreclosure proceeding, alleging that the cross-complainant had
purchased the property on the installment plan under a verbal con-
tract with the mortgagor, that he had made improvements and
paid the purchase money due and praying that the said contract
be established and enforced, and, if anything be found due on the
hearing, that the parties holding or claiming title be required to
join with the cross-complainant in re-mortgaging the premises for
that amount, and that said amount be paid to satisfy the mortgage
debt and credited upon the contract of purchase.

APPEAL from the Superior Court of Cook county; the
Hon. FARLIN Q. BALL, Judge, presiding.

G. W. SPUNNER, and HAYDEN N. BELL, for appellant.

BENSON LANDON, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of
the court:

May 15, 1911, Arnold Holinger, as trustee, and Louis
E. Chipman, filed a bill to foreclose a trust deed on cer-
tain premises in Chicago. The bill alleged that on April
11, 1906, Harriet E. and Arthur W. Dickinson executed
their note for $1700, due five years after date, with inter-

est, and secured said note by a trust deed to Arnold Holinger, as trustee, on the property here in question; that for a valuable consideration, paid before maturity, the said note and interest notes had become the property of said Chipman; that default had been made in the payment of interest, and there was then due in principal and interest $1539.74. The bill included among the defendants Julius Stichert and Anna Stichert, alleging that they claimed some interest in said premises subsequent to the lien of the trust deed. Said Sticherts thereafter answered, and Julius Stichert also filed a cross-bill. It is alleged by them that on November 24, 1906, Julius Stichert made a verbal contract with Arthur W. Dickinson to purchase said real estate for $3200, payable $100 down and $25 monthly thereafter, with interest; that in pursuance of said contract Stichert had taken possession of the premises, made improvements costing more than $290, and paid all the purchase money due under the contract up to May 1, 1911; that on May 17, 1911, he had tendered Louis E. Chipman, as the authorized collector for Dickinson, the amount then due under said contract, but that Chipman refused the tender and stated that new arrangements had been made and no further payments would be received; that Stichert had done carpenter work for Dickinson in excess of $600, which it was his understanding was to apply on the contract; that Dickinson and Chipman had fraudulently entered into an agreement to foreclose the said trust deed to defeat the rights of Stichert; that said notes had been fully paid and had been fraudulently transferred to said Chipman. The cross-bill prayed that said contract be established and enforced, and if it was shown on a hearing that said Chipman was not the *bona fide* owner of said notes or that they had been paid they be canceled, and if it be established that said notes were still due and that Chipman was the *bona fide* holder, said Dickinson and wife, and any others who claimed title to said premises, be required to join with cross-complainant

and his wife in mortgaging said premises for a sufficient amount to pay said note, upon the usual terms as to time, interest, etc., or that cross-complainant be permitted to pay said notes, and that the amount so taken up by new mortgage or paid by the cross-complainant be credited upon the contract. Appellees filed a demurrer to the said cross-bill, which was sustained on a hearing, the decree finding that the cross-bill was not germane to the original bill. The cross-complainant elected to stand by his cross-bill, whereupon it was dismissed and a decree entered foreclosing the trust deed. From that decree this appeal was prayed, the only error assigned being that the trial court erred in sustaining the demurrer to the cross-bill.

The first question presented is whether a freehold is involved in this proceeding so as to authorize the bringing of the case directly to this court. We have repeatedly held that a freehold is not involved in a bill to foreclose a mortgage. (*Reagan* v. *Hooley,* 247 Ill. 430, and cases cited.) We have also held that a freehold is not involved in a bill to have a deed declared a mortgage and to permit redemption, (*Eddleman* v. *Fasig,* 218 Ill. 340,) or in a bill to require an accounting and compel the conveyance of property upon the payment of the amount due. (*Schoendubee* v. *International Building Loan and Investment Union,* 183 Ill. 139.) The fact that the cross-bill prays that on certain conditions being carried out appellees be compelled to convey the property does not determine that a freehold is involved. Even if the prayer of the cross-bill had been sustained and decree entered accordingly, until appellant had made the required payments he would not have been entitled, in equity, to a deed. (*Burroughs* v. *Kotz,* 226 Ill. 40.) Appellant might or might not avail himself of the right of making the payments. A freehold, as that word is used in the statute authorizing an appeal directly to this court, does not include the mere right to do that "which

in equity will entitle a party to a freehold." (*Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199.) The principal question involved in this proceeding is as to whether the allegations of the bill are true and the decree foreclosing the trust deed was properly entered. There is no dispute in the record over the title to the land. A freehold is not directly involved in this proceeding. The authorities cited by appellant on this question do not hold otherwise.

This court being without jurisdiction, the cause will be transferred to the Appellate Court for the First District. The clerk of this court will transmit all the files of the case, together with the order transferring the same.

*Cause transferred.*