(No. 22410.—

MARCUS O. KAGY *vs.* ROBERT LUKE *et al.*—(SAMUEL A. SEVIN *et al.* Appellants, *vs.* AMOS H. KAGY, Exr., Appellee.)

*Opinion filed October 17, 1934.*

Louis Sevin, for appellants Samuel A. Sevin *et al.;* Shulman, Shulman & Abrams, (Meyer Abrams, of counsel,) for cross-appellant the North Shore Lumber and Supply Company.

Ernest A. Eklund, and Campbell, Clithero & Fischer, (Carlton L. Fischer, Frederick J. Bertram, and John N. Thornburn, of counsel,) for appellee.

Mr. Justice Farthing delivered the opinion of the court:

This case is before us on appeal from the circuit court of Lake county. Marcus O. Kagy, since deceased, filed a bill in the circuit court of Lake county to foreclose a first mortgage trust deed and notes owned by him in the principal sum of $8500, dated May 10, 1928, and executed by Robert Luke and Miriam Luke, his wife. The real estate is located in Waukegan. Luke was a building contractor. He had dealt with the cross-complainant, the North Shore Lumber and Supply Company, cross-appellant herein. In the transactions shown, Luke obtained loans as mortgagor and the cross-appellant supplied him his materials. The loans on the buildings were negotiated by the appellant Samuel A. Sevin and one Harold Shlensky. The latter paid the money obtained on the loans to Sevin or the cross-appellant and Luke obtained his money from them. Sevin was an officer and director of the cross-appellant and was active in its management. Luke bought the lot in question in March, 1928. He made application for an $8500 first mortgage loan and a $3000 second mortgage loan on the

property through Sevin for the purpose of building a two-family apartment. This application was made to the firm of M. Shlensky & Sons. On May 10, 1928, the trust deed and notes for $8500 were executed and delivered. They were later sold by Shlensky & Sons to the Fidelity Trust and Savings Bank, from which Marcus O. Kagy purchased them. Interest was paid on the mortgage indebtedness of $8500 until May 10, 1930. The application for the second mortgage loan of $3000 was not granted. Shlensky & Sons paid $5000 to Sevin out of the proceeds of the sale of the loan, by checks later endorsed by both Sevin and the cross-appellant. Luke began building operations but about November, 1928, ceased work. He and his wife removed to Wisconsin, and November 17, 1929, they executed a deed to the premises. The record shows this deed was made to Samuel A. and Harriet L. Sevin, his wife. The bill was filed because of alleged defaults in payment of interest and of the 1928 and 1929 taxes on the mortgaged premises. The North Shore Lumber and Supply Company filed its intervening petition by which it set up a claim to a mechanic's lien on the mortgaged premises in the amount of $10,000. After this the appellee amended his bill of complaint and alleged that Sevin and wife received this conveyance for the benefit of, and held the title as trustees for, the lumber and supply company. The amendment also set out the filing of a claim for lien by the cross-appellant on May 27, 1931. Sevin and his wife thereupon amended their answer to the bill and denied that they were trustees for the cross-appellant. The findings of the master were in favor of the appellee. Objections were overruled by him and stood as exceptions to his report. The decree overruled these exceptions and the master's report was approved.

The appellee contends that this court does not have jurisdiction of this appeal because a freehold is not involved. The appellants and the lumber company rely upon

*Sanford* v. *Kane,* 127 Ill. 591, *Lundquist* v. *Iverson,* 333 id. 523, and *Winkelmann* v. *Winkelmann,* 345 id. 566. The *Sanford case* involved a plea of *liberum tenementum* as a defense to an action of trespass. The *Lundquist case* was a suit to remove a cloud from the title of the complainant. The *Winkelmann case* involved specific performance of a contract for adoption and a prayer that the complainant be decreed to be entitled to certain real estate. These cases correctly held a freehold was involved. But we have held that neither a mortgage nor a mechanic's lien foreclosure involves a freehold, since payment of the sum found to be due would relieve the land entirely from the lien established. (*Clement* v. *Reitz,* 103 Ill. 215.) The decision as to what persons are entitled to the proceeds of a foreclosure sale does not involve a freehold. (*VanMeter* v. *Thomas,* 153 Ill. 65.) Where the question of a freehold depends upon the existence of a lien on land no freehold is involved even though the litigation may result in the loss of a freehold. No freehold is involved if the defendant may arrest the proceeding, defeat the object of the suit and prevent a disturbance of his title by making payment or doing some act to stop the sale. (*Becker* v. *Fink,* 273 Ill. 560; *Wachsmuth* v. *Penn Life Ins. Co.* 231 id. 29.) In the decree foreclosing the mortgage in the *Becker case* it was necessary to set aside a master's deed which had resulted from a prior foreclosure of a mechanic's lien. In *Wendell* v. *MacKenzie,* 307 Ill. 109, the bill prayed that a deed from the mortgagor to a Mrs. Ansell be set aside, which deed, it was alleged, had only been made to encumber the title. In *Adamski* v. *Wieczorek,* 181 Ill. 361, the bill asked that a deed be declared to be a mortgage and also prayed that a deed made by the defendant during the pendency of the litigation be set aside as a cloud on the title. In all these cases we held that these facts did not give this court jurisdiction on appeal and that a freehold was not involved within the meaning of the constitution and statute.

To give this court jurisdiction of a direct appeal a freehold must be directly and not collaterally, contingently or incidentally involved. The necessary result of the litigation must be that either one party gains and the other party loses a freehold estate, or the title must be so put in issue that the outcome of the case requires a decision as to the ownership of the real estate in question. (*Burroughs* v. *Kotz*, 226 Ill. 40.) The scope of this litigation embraces only the enforcement of liens on real estate. As in the case of *Chicago Land Co.* v. *Peck,* 112 Ill. 408, the parties do not make adverse claims of title to the real estate itself. Whether or not Sevin and his wife held title for themselves would affect the cross-appellant's effort to establish a lien. If this lien were established the question then would be one of the priority of the mortgage lien and the mechanic's lien. These questions, taken singly or collectively, do not make a case directly involving a freehold.

The appeal should have been taken to the Appellate Court for the Second District. The cause is therefore ordered transferred to that court. *Cause transferred.*