550

(No. 31949.

ILLINOIS NATIONAL BANK OF SPRINGFIELD, Trustee, *et al.,*
*vs.* A. LEE GWINN *et al.*—(JANICE CONKEY PORTWOOD,
Admx., *et al.,* Appellants, *vs.* W. T. BURNSIDE *et al.,*
Appellees.)

*Opinion filed September 21, 1951.*

ARTHUR J. B. SHOWALTER, and FILSON & WILLIAMSON,
both of Champaign, for appellant Janice Conkey Portwood,
Admx.; H. F. SIMONSON, of Champaign, for appellant
Emerson L. Gwinn, successor trustee.

J. L. SULLIVAN, of Paris, and NICHOLS & JONES, of
Tuscola, for appellees.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the
court:

This appeal stems from a decree of the circuit court
of Douglas County entered on a petition for accounting
and relief which was pending in the foreclosure proceeding
previously considered by this court in *Illinois National
Bank of Springfield* v. *Gwinn,* 390 Ill. 345. In that de-
cision we held that the Soldiers' and Sailors' Relief Act of
1940 extended the period during which Elmer E. Gwinn,
Jr., the owner of the equitable title, could redeem the

premises foreclosed upon, thus nullifying the purchase by one Burnside who was then in possession under a sheriff's deed. Subsequently, Gwinn filed an amended petition for an accounting of the rents, issues and profits which had accrued during the occupancy of a receiver appointed in the foreclosure proceeding and during Burnside's occupancy. On hearing, the amount was shown to be $16,163.29. Gwinn died before the hearing and his administratrix filed a further amended petition for accounting and relief. Answers and an intervening petition by those who are appellees in this court posed the issue of whether Gwinn held title to the premises free and clear of certain liens, and, collaterally, raised the question of what persons were entitled to the accumulated fund. The decree appealed from determined the interests of the parties and ordered distribution of the fund. The administratrix of the junior Gwinn's estate and the successor trustee in the trust under which the foreclosed mortgage was created, (see facts in 390 Ill. 345,) have made separate appeals to this court on the theory that a freehold is involved.

While it is true that a freehold was involved in the former appeal to this court, that fact itself does not give us jurisdiction of a further or collateral appeal. To give this court jurisdiction on direct appeal, a freehold must be involved in the issues presently to be settled in this court. (*Fyffe* v. *Fyffe,* 364 Ill. 281; *McGrath* v. *Dunne,* 363 Ill. 549; *Schrader* v. *Schrader,* 357 Ill. 623,) In the view we take, a complete recital of the facts and pleadings, many of which are detailed in our previous opinion, is not justified when the result which must be reached is considered. Despite appellants' argument that a freehold is involved, the parties here make no adverse claims to the title to the real estate itself, but, at most, the scope of the litigation embraces only the enforcement of liens on real estate, which does not make a case directly involving a freehold. (*Kagy* v. *Luke,* 357 Ill. 512.) Appellants insist that cer-

tain liens have been extinguished, while the trial court held that they have not. The ownership of the land involved is not disputed in any manner, and the question whether the time and manner in which Gwinn, Jr., acquired legal title from the trustee acted to extinguish the alleged liens of appellees, only collaterally involves title to the freehold. To give this court jurisdiction of a direct appeal, a freehold must be directly involved and not collaterally, contingently or incidentally involved. The necessary result of the litigation must be that one party gains and the other party loses a freehold estate, or the title must be so put in issue that the outcome of the case necessarily requires a decision as to the ownership of the real estate in question. (*Kagy* v. *Luke,* 357 Ill. 512; *Burroughs* v. *Kotz,* 226 Ill. 40; *Van Meter* v. *Thomas,* 153 Ill. 65.) The ownership of the premises here is not questioned, nor does the outcome of the case require a decision as to ownership, thus, the issues presented by this appeal do not meet the requirements of either test.

Nor can it be said that the action of the trial court in conditioning its confirmation of a deed from the trustee to Gwinn upon the payment, by the trustee, of the amount found to be due one of the lienors has the effect of depriving Gwinn of title to the real estate. As we view it, the court's action stemmed from a belief that the deed from the trustee was premature, and the condition in the decree was an assertion merely that the lienor had an equitable interest in the accumulated funds of the trust. It is not apparent that this interest of the lienor as fixed in the decree could, or would, ripen into a title. This, again, does not involve a freehold in the manner requisite to give this court jurisdiction on direct appeal.

The appeal should have been taken to the Appellate Court for the Third District. The cause is therefore ordered transferred to that court.

*Cause transferred.*