JOHN LYNCH

*v.*

D. B. JACKSON *et al.*

*Filed at Ottawa January 19, 1888.*

1. APPEAL—*whether a freehold is involved—bill to redeem from mortgage.* On a bill to redeem from a deed absolute in form, on the ground that it is a mortgage to secure a debt, the title to the mortgaged premises is not involved, and no appeal from the decree lies directly to this court in the first instance, but to the Appellate Court.

2. MORTGAGE—*separate defeasance.* There is no difference, in law, whether the condition in a mortgage deed, upon which it is to become inoperative, is written in the body of the deed itself, or in a separate instrument executed at the same time, as a part of the same transaction, by the parties to the deed.

APPEAL from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. R. G. MONTONY, and Mr. A. C. LITTLE, for the appellant.

Mr. CHARLES WHEATON, and Mr. M. O. SOUTHWORTH, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by John Lynch, in the circuit court of Kane county, against D. B. Jackson, Andrew L. Jackson and Eva M. Norris, to redeem certain premises from what is alleged to be a mortgage, made by complainant to S. L. Jackson, since deceased, and for an account against the mortgagee in possession. On the hearing, the court dismissed the bill for want of equity, and complainant asked for and was allowed an appeal directly to this court, which he afterwards perfected by giving bond as required by the order of the court.

The bill is framed on the theory the deed made by complainant to S. L. Jackson, although absolute in form, is never-

theless a mortgage deed, subject to a defeasance written in a separate agreement, and executed at the same time, by the parties, as a part of the same transaction. There is no difference, in law, whether the condition in a mortgage deed upon which it is to become inoperative, is written in the body of the deed itself, or in a separate instrument executed at the same time, as a part of the same transaction, by the parties to the deed. On the theory on which the bill is framed,—that the deed from complainant to Jackson is only a mortgage,—it follows, the title to the mortgaged premises is not involved in the litigation, for the obvious reason the payment of the indebtedness secured, discharges the mortgage lien, and the appeal should have been taken, in the first instance, to the Appellate Court. *Pinneo* v. *Knox*, 100 Ill. 471.

The appeal will therefore be dismissed, with leave to withdraw the transcript of the record, together with the briefs and abstracts, for the purpose of filing the same in the Appellate Court, if it is desired by complainant to do so.

*Appeal dismissed.*