Elizabeth Kirchoff

*v.*

The Union Mutual Life Insurance Company.

*Filed at Ottawa April 3, 1889.*

1. APPEAL—*whether a freehold involved—what is meant by the word "freehold."*     The word "freehold," as used in the statute relating to appeals and writs of error, is used in the sense as defined by the common law.     It does not include a mere right to do that which in equity will entitle a party to a freehold.

2. SAME—*on bill to redeem.*     On a bill seeking to have a deed for land absolute on its face declared a mortgage, and a right of redemption therefrom allowed, no freehold is involved, and hence no appeal lies from the decree therein directly to this court.

3. The mere fact that a complainant prays that the defendant be decreed, among other things, to convey certain real estate to the former, does not determine that a freehold is involved.     That can be determined only by the allegations of the bill showing what the complainant is entitled to have decreed.

4. A bill seeking the specific performance of an agreement of an insurance company to allow the mortgagor, after foreclosure and a con-

veyance of his equity of redemption in discharge of the mortgage debt, to redeem a part of the premises at its appraised value, in ten equal annual installments, but which fails to show any agreement on the part of the company to reconvey before full payment of the redemption money, involves no freehold. The only decree the complainant could have, if any, would be that he be allowed to redeem, and before redemption he would not be entitled to a deed, even in equity.

Appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.

Mr. W. S. Herbert, and Mr. George R. Daley, for the appellant.

Messrs. Swett & Grosscup, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This appeal must be dismissed. It should have been taken to the Appellate Court for the First District, and it is therefore improperly here. The bill seeks a decree declaring a certain deed, absolute on its face, to be but a mortgage, and that appellant be allowed to redeem from it, as such.

The material allegations of the bill, so far as they are necessary to show the character of the question involved, are as follows: "That on or about the 8th day of May, 1871, complainant, together with her husband, Julius Kirchoff, and her mother, Angela Diversey, borrowed of the Union Mutual Life Insurance Company the sum of $60,000, and, to secure the payment thereof, executed their promissory note for said sum, payable to said company, and also a trust deed, to Levi D. Boone, as trustee, on a large amount of property, including lots 2 and 4, in block 21, of the Canal Trustees' subdivision of the south fractional quarter of section 3, township 39, north, range 14, east of the third principal meridian, being situated in the city of Chicago; that some time during the year 1878, default having been made in the payment of said indebtedness, the said company instituted proceedings for the foreclosure of

said trust deed; that thereupon complainant, through her said husband, as her agent, offered said company to release and quitclaim to said company all her lands in said trust deed described, provided said company would allow her to redeem said two lots hereinbefore described, one of which said lots was occupied by her as a homestead, upon payment of whatever sum the said lots, with the improvements thereon, should be valued at by an appraiser to be agreed upon by said company and complainant, and upon such terms of payment as said company were, at or about that time, offering to purchasers of its real estate, to-wit, in ten equal annual payments or installments, with interest, until paid, at the rate of six per cent per annum, and to secure the payment of such installments by a mortgage or trust deed upon said lots; and provided, also, that said company would take the lands in said trust deed described, belonging to appellant, in full satisfaction of the indebtedness held by it against herself and husband; that said company accepted said offer, and agreed to allow such redemption by complainant upon the terms and for the consideration aforesaid." It is further alleged, that a valuation was made of the two lots at $7500, and then follows this allegation: "That thereafter, upon examination of the title to said lots, it appeared that there were certain intervening liens and incumbrances upon the same, created after the execution of said trust deed and prior to the agreement hereinbefore set forth, for such redemption by your oratrix, and it was thereupon represented to your oratrix by said company, through its attorney, that it would be necessary to foreclose said trust deed in order to make good title in said company to said lots of land before it could take a mortgage thereon for said installments of redemption money, and it was thereupon agreed by and between said company and your oratrix that the agreement for said redemption should not be executed until after the title had been perfected in said company by said foreclosure proceedings, but should be held in abeyance until after such

foreclosure proceedings should be completed and the title to said lots become vested in said company discharged of such incumbrances, etc., but that in the meantime your oratrix should execute and deliver to said company her deed of release and quitclaim, as agreed upon, and should interpose no defense to such foreclosure proceedings." It is then alleged that complainant or her husband "executed, acknowledged and delivered to said company a deed of release and quitclaim of all and singular the land and premises belonging to your oratrix, described in said trust deed, including the said two lots hereinbefore specifically described, in and by which said deed it was, in effect, stipulated by your oratrix that said deed should not be construed to affect the right of said company to foreclose said trust deed." It is further alleged that the company thereupon prosecuted its suit in the Circuit Court of the United States for the Northern District of Illinois, for the foreclosure of said trust deed ; that decree of foreclosure was entered, sale of lots made pursuant thereto, and that at such sale the insurance company became the purchaser of all the property, including the said lots 2 and 4, and a master's deed was subsequently made ; that a receiver was appointed, and a writ of assistance issued to put him in possession of the lots ; that complainant resisted said order, and set up her aforesaid agreement with the company, but the company wholly disregarded its agreement and procured the court to issue the writ of assistance, whereby complainant and her husband were compelled to vacate their homestead. It is also further alleged that the insurance company refuses to carry out its agreement with complainant, and claims to own said lots in fee, free of any equitable interest of the complainant therein, and that complainant "has always been and is now ready and willing to keep and perform the whole of said agreement on her part to be performed, but has been prevented by said company from so doing." The prayer is, that the insurance company "may be compelled, by the decree of this court, specifically to per-

form the said agreement with your oratrix, and convey to her the said two lots," etc. The answer of the company denies every allegation in respect to the agreement to allow the complainant to redeem.

The mere fact that complainant prays that the defendant be decreed, among other things, to convey to her, does not determine that a freehold is involved. That can only be determined by the allegations of the bill, showing what she is entitled to have decreed. Divested of unnecessary verbiage, the allegations here simply amount to this : that it was agreed between the parties that the complainant be allowed to redeem from the sale of lots 2 and 4 by paying to the insurance company the valuation to be placed upon them, in the manner indicated, in ten equal annual payments or installments, with interest, until paid, at six per cent per annum. There is no allegation that the company agreed that it would convey before redemption should be made, and therefore, if the complainant were to have a decree to all that she shows herself to be entitled, it could only be that she be allowed to redeem pursuant to the terms of the agreement. Until redemption, she would have no right, even in equity, to a deed; but undoubtedly, after redemption, she would have such right, and it would be enforced by a court of equity.

We have recently held, (*Lynch* v. *Jackson et al.* 123 Ill. 360, *Hollingsworth* v. *Koon et al.* 113 id. 443,) that the question of the right to redeem under a conveyance claimed to be a mortgage, does not involve a "freehold," within the meaning of that word as used in section 88 of the amended Practice act. (2 Starr & Curtis, chap. 110, p. 1842.) Unfortunately, our rulings have not been entirely harmonious as to what is meant by "involving a freehold," as that term is used in the section referred to above; but without deeming it necessary to review the several cases, we think it may be said, that where the question has been considered by the court and decided, the decision has, in general, (though there has been one exception,

and perhaps more,) proceeded upon the understanding that the word "freehold" means as that word was known to and defined by the common law, and that it does not include the mere right to do that which, in equity, will entitle a party to a "freehold." See *Land Co. et al.* v. *Peck et al.* 112 Ill. 432; *Chicago, Burlington and Quincy Railroad Co.* v. *Watson et al.* 105 id. 220; *McIntyre* v. *Yates et al.* 100 id. 475.

Believing that this is a fairly warranted construction of the statute, and that it will subserve the ends of justice in marking the boundary of the jurisdiction of the Appellate Court, as well as any other rule that might be adopted in that respect, it will be adhered to; and this necessitates a dismissal of this appeal, which is accordingly ordered.

*Appeal dismissed.*