FRANK ADAMSKI

*v.*

JOHN WIECZOREK.

*Opinion filed October 19, 1899.*

APPEALS AND ERRORS—*when freehold is not involved in appeal.* In a suit to have a deed for land absolute on its face declared a mortgage and a right of redemption therefrom allowed no freehold is involved, and a writ of error will not lie directly to the Supreme Court, although, as an incident to the right of redemption, a deed made *pendente lite* by the defendant to a third person was set aside as a cloud on the title.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

On the 18th day of June, 1890, John Wieczorek was the owner of certain premises in Chicago, and he and his wife and Jacob Zalewski and wife executed a deed purporting to convey the premises to Frank Adamski. The instrument, although in form a deed, was claimed by the grantors to be in fact a mortgage given to secure the payment of a certain sum of money. After obtaining the deed the grantee set up title to the property, and John Wieczorek filed his bill to declare the deed a mortgage and for an accounting. Answers were filed and a hearing had on the pleadings and evidence, and the court entered a decree dismissing the bill at the complainant's costs. This decree was rendered on the second day of June, 1891. Afterwards, on February 18, 1893, Wieczorek filed a bill in the nature of a bill of review, against Adamski, to impeach and set aside that decree and to obtain a rehearing of the matters alleged in the bill which had been dismissed, and for relief. The ground upon which it was sought to set aside the decree was that it was obtained by fraud and subornation of perjury on the part of plaintiff in error, and perjured testimony procured and purchased by him for a consideration. In the bill the complainant

set out the original bill *in hæc verba,* and prayed "that said bill of complaint may be taken as a part of this his bill of review, and that the allegations thereof may be taken to be hereby and herein specifically set forth and alleged as they and each of them are therein set forth, charged and alleged."

Plaintiff in error answered the bill, and a replication having been filed, on October 16, 1895, a decree was entered, as follows: "This cause having come on to be heard upon the bill of review and amendment thereto of complainant, and the answer of the defendant thereto, and the replication of the complainant to such answer, and the court having heard the testimony introduced in open court and the arguments of the counsel for the respective parties, and being fully advised in the premises, doth find that all the allegations in said complainant's bill are true. It is therefore ordered, adjudged and decreed that the decree entered on the second day of June, 1891, in the original suit of John Wieczorek against Frank Adamski, lately pending in this court, No. 128,446, and all the proceedings had therein, be set aside and that the complainant be granted a rehearing in said suit."

On October 23, 1895, the complainant filed a supplemental bill, as follows: "Wieczorek represents that on August 5, 1890, he filed his bill of complaint against Adamski, praying that the deed by Wieczorek and wife to Adamski be declared a mortgage, and for an accounting; that an answer was filed by Adamski. Your orator further represents, by way of supplement, that since the filing of the said bill of complaint said Adamski has had possession of said premises and has received all rents and profits therefrom, which amounted to about $50 per month; that during the month of July, 1891, he caused to be removed from said premises two two-story frame buildings situated thereon, and thereby damaged the said premises to the sum of $5000. Your orator further represents that on, to-wit, November 24, 1893, said defendant

fraudulently conveyed said premises by warranty deed
to one Albert Lobe, who is a brother-in-law of said de-
fendant, for the fictitious consideration of $4500, which
said deed was filed for record with the recorder of Cook
county on December 20, 1893." There was a prayer that
the deed from Adamski to Lobe be canceled, that the
deed from Wieczorek and wife to Adamski be declared a
mortgage, and for an accounting.

The plaintiff in error put in an answer to the com-
plainant's bill and also to the supplemental bill, and
replications having been filed, the cause proceeded to a
hearing and the court entered a decree, as follows: "And
this cause having now come to be heard upon the bill
of complaint herein, the answer of the defendant, Frank
Adamski, thereto and the replication of the complainant
to such answer, and the complainant's supplemental bill
of complaint filed herein, and the court having heard the
argument of counsel for the respective parties, and being
fully advised in the premises, doth find that the material
allegations in the said complainant's original and sup-
plemental bill are true; that the equities of this cause
are with the complainant. It is therefore ordered, ad-
judged and decreed that the said deed of conveyance
from the said Jan Wieczorek and Juliana Wieczorek, his
wife, and Jacob Zalewski and Barbara Zalewski, his wife,
to Frank Adamski, bearing date on the 18th day of June,
1890, of the said premises, (premises described,) be and
the same is hereby declared a mortgage. It is further
ordered, adjudged and decreed that the said deed of con-
veyance from said Frank Adamski and Antonio Adamski
to Albert Lobe, bearing date of the 24th day of Novem-
ber, 1893, of the said premises, to-wit, (describing same,)
recorded in the recorder's office of Cook county on the
20th day of December, 1893, be and the same is hereby
set aside and declared null and void as against the com-
plainant, his heirs and assigns, as a cloud upon the title
of the complainant. And for an accounting between the

parties hereto, the court doth order this cause referred to Master Penoyer L. Sherman, Esq., to ascertain the amount of money, including principal sum and taxes paid by said Frank Adamski on account of the property in controversy in this suit; also, to ascertain the fair value of the buildings and improvements upon said premises at the time the said deed in controversy was made as of that date, together with the rental value of said buildings and premises during the period from date of said deed until said master's finding; also, to ascertain the value of the building now situated upon said premises, as of date it was placed thereon; that interest be computed at seven per cent on moneys paid, and rentals; that the evidence heretofore taken on trial of this cause may be used by either party, and the right be allowed each to offer such new testimony as may appear necessary in said accounting."

Under this decree an account was taken before the master in chancery, and upon the master's report to the court (after a modification of the report by the court) a final decree was rendered, to reverse which a writ of error was sued out in this court.

WALSH & McARDLE, for plaintiff in error.

ADELOR J. PETIT, and MILLARD F. RIGGLE, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

A motion was made to dismiss the writ of error on the ground that a freehold was not involved, and that motion was reserved until the hearing. On a bill seeking to have a deed for land absolute on its face declared a mortgage and a right of redemption therefrom allowed no freehold is involved, and in a case of that character a writ of error will not lie directly to this court. (*Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199.) In *Lynch* v. *Jackson*, 123 Ill. 360,

and *Hollingsworth* v. *Koon,* 113 id. 443, it was expressly held that the question of the right to redeem under a conveyance claimed to be a mortgage does not involve a freehold, within the meaning of that word as used in section 88 of the Practice act.   In the original bill filed by the defendant in error it is alleged that "said instrument, the deed in question, is and of right should be only a mortgage to secure the payment of such sums of money as may be found due Adamski from your orator, which said sum or sums of money your orator is willing to pay and secure to be paid under the terms of said agreement." The bill prays for an accounting and that the deed be declared a mortgage.  The supplemental bill and the bill in the nature of a bill of review both proceed upon the same ground, and the decree rendered by the court finds and decrees that the deed is a mortgage.   Indeed, the right of defendant in error to maintain his bill is predicated on the ground that the deed made to plaintiff in error was a mortgage.   Such being the case, under the rule heretofore established by the decisions cited no freehold was involved.

It is, however, claimed that a freehold is involved because the court, in its decree, set aside the deed from plaintiff in error to Lobe.   This deed was made pending the litigation, and when the court found and decreed that the defendant in error was entitled to redeem, the mere fact that the deed to Lobe was set aside as a cloud on the title did not change the character of the bill or the nature of the relief sought.   The setting aside the deed was a mere incident to the right of redemption sought in the bill, and it had no bearing on the real question in controversy between the parties.

The writ of error will be dismissed, and leave will be granted plaintiff in error to withdraw the record abstracts, to be used in the Appellate Court if he desires.

*Writ dismissed.*