ROBERT SCHOENDUBEE

*v.*

INTERNATIONAL BUILDING LOAN & INVEST. UNION *et al.*

*Opinion filed December 18, 1899.*

APPEALS AND ERRORS—*when freehold is not involved on appeal in chancery.* A bill against the receiver of a loan association for an accounting and to compel him to convey property to the complainant upon payment of the amount found due, which alleges that the secretary of the association, who conveyed the property to it, was holding the title in his name merely as security until the loan on the property could be reduced, when he was to convey it to complainant, is not a bill for specific performance but a bill to have a deed declared a mortgage and for redemption, and no freehold is involved to authorize an appeal directly to the Supreme Court.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

MASTERSON & HAFT, for appellant.

PAM, DONNELLY & GLENNON, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On a bill for that purpose the circuit court of Cook county appointed a receiver for the International Building Loan and Investment Union. Appellant was allowed to file an intervening petition, in which he claimed an interest in certain real estate which had been conveyed to the company by William J. Richardson. A general denial was filed to that petition by way of answer, and on the hearing the court denied the relief prayed, dismissing the petition at the petitioner's costs. From that order he prayed and was allowed an appeal directly to this court. Appellees filed a motion in writing to dismiss that appeal, on the ground that it should have been taken to the Appellate Court. Suggestions were filed in support of the motion, and counter-suggestions against it.

The motion and counter-suggestions raise the question whether a freehold is involved, that being the only ground upon which it is claimed the case was appealable directly to this court. The question involving an examination of the record, an order was made continuing the motion to the final hearing. The first question to be decided, therefore, is whether or not a freehold is involved, within the meaning of the statute allowing appeals to this court.

It is insisted on behalf of appellees that the intervening petition of the appellant is no more nor less than a bill seeking to have a deed absolute on its face declared a mortgage, and to redeem therefrom. On the other hand, appellant insists that it is practically a suit on his part for the specific performance of a contract. Looking into the petition itself, we find that it first sets forth that in September, 1894, one Rieger was the owner of the lot in question, subject to an encumbrance held by Wasmansdorff and Heinemann; that at that time Rieger conveyed the property to petitioner by quit-claim deed; that the holders of the encumbrance foreclosed the same, bid in the lot and caused a deed for it to be made to Louis Q. Stave; that Stave and the parties who held the mortgage agreed with petitioner that the property should be conveyed to him upon the payment of the encumbrance and costs; and it is then alleged, "that petitioner applied to the International Building Loan and Investment Union for a loan sufficient to pay the encumbrance of $2000, * * * then amounting, with costs, to about $2300; * * * that William J. Richardson was the agent of the defendant International Building Loan and Investment Union at the time aforesaid, and, acting in its behalf, agreed to loan the necessary funds, and stated that the property should be placed in his name until the encumbrance should be reduced to the original sum borrowed, to-wit, $2100, but that he should take the title as an additional security only, and until such time as the encum-

brance was reduced to $2100; that on December 31, 1894, said Louis Q. Stave conveyed to said Richardson said property, and said Richardson, as agent of the said International Building Loan and Investment Union, and on behalf of petitioner, paid to said Stave said sum of $2300, *and that at the time of so doing it was the understanding between all the parties to the transaction that Richardson was taking title to said property as a mortgage only, and not as owner thereof;* that about February 1, 1896, Richardson conveyed to the defendant International Building Loan and Investment Union the property in question; that petitioner has paid the sum of about $750 and has improved said property to the extent of about $700; that there is now due from petitioner to said association the sum of about $1550," etc.   The prayer is for an accounting, and that the receiver be required to convey to petitioner the property upon the payment of the amount found due upon such accounting.   There is also a prayer for general relief, for process and a writ of injunction.   The answer to this petition denied each and all of its allegations, and denied that the petitioner was entitled to relief.

There is no reasonable ground upon which this pleading can be held a bill for specific performance.   It shows upon its face that it is to have the deed to Richardson construed to be a mortgage only for the security of the money loaned by the union to the petitioner, and to be allowed to redeem from that mortgage upon the payment of the amount due upon the accounting.   We said in *Hollingsworth* v. *Koon,* 113 Ill. 443, which was a bill to redeem from certain mortgages, upon which the circuit court entered a decree fixing the amount due and allowing a redemption upon the payment of the same, and an appeal was taken to the Appellate Court and there dismissed on the ground that a freehold was involved: "It is clear that, under the decisions of this court, no freehold is involved in the case, and the Appellate Court consequently erred in dismissing the writ of error to the circuit court."

And also in *Lynch* v. *Jackson*, 123 Ill. 360, where the bill was dismissed for want of equity and an appeal prosecuted directly to this court: "The bill is framed on the theory the deed made by complainant to S. L. Jackson, although absolute in form, is nevertheless a mortgage deed, subject to a defeasance written in a separate agreement and executed at the same time by the parties as a part of the same transaction. There is no difference, in law, whether the condition in a mortgage deed upon which it is to become inoperative is written in the body of the deed itself, or in a separate instrument executed at the same time, as a part of the same transaction, by the parties to the deed. On the theory on which the bill is framed,—that the deed from the complainant to Jackson is only a mortgage,—it follows the title to the mortgaged premises is not involved in the litigation, for the obvious reason the payment of the indebtedness secured discharges the mortgage lien, and the appeal should have been taken, in the first instance, to the Appellate Court,"—and the appeal was dismissed. To the same effect are *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199, and *Ryan* v. *Sanford*, 133 id. 291. In fact, counsel for appellant do not claim the appeal was properly brought directly to this court on our construction of the character of his petition, but only upon the ground that it is a bill for specific performance. That position being untenable, it must follow that we are without jurisdiction, and the appeal should be dismissed. It accordingly will be so ordered, with leave to the appellant to withdraw the record, if he shall so desire, for the purpose of prosecuting a writ of error from the Appellate Court for the First District.

*Appeal dismissed.*