### John H. Caraway v. Allen Sly, et al.

1. FREEHOLD—*when not involved.* A bill seeking to have a deed absolute declared a mortgage, and to redeem, does not involve a freehold.

2. REDEMPTION—*when barred by laches.* Redemption from a deed absolute, claimed to be a constructive mortgage, is barred by laches where the debt in question was barred by the Statute of Limitations.

Bill for redemption. Appeal from the Circuit Court of Edgar County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed October 9, 1905.

RAYBURN & BUCK, for appellant; J. W. HOWELL and J. E. DYAS, of counsel.

H. S. TANNER and DUNDAS & O'HAIR, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

October 29, 1902, appellant filed his original bill in equity against appellees, the widow, heirs, devisees and legal representatives of Allen Sly, deceased, seeking to have a deed for land absolute in form declared a mortgage, and for redemption therefrom. A demurrer was sustained to the bill and thereafter, on February 8, 1904, appellant filed his amended bill seeking the same relief.

The amended bill alleges that on October 5, 1891, appellant secured a loan from Allen Sly of $6,200, and being already indebted to said Sly in the sum of $3,400, he then conveyed to said Sly certain described real estate to secure the payment of such indebtedness; that said conveyance, though absolute in form, was simply a mortgage; that be-

cause said conveyance was made merely as a mortgage for security the consideration thereof was much less than the fair market value of the land conveyed; that at the time of the execution and delivery of said deed the said Sly knew appellant's circumstances, and that it would require much time for appellant to pay said indebtedness, and to secure Sly and give appellant sufficient time, the security was given as described; that in pursuance of said agreement and with the consent of appellant, the said Sly went into possession of the premises and the receipt of the rents and profits thereof, December 1, 1891, and retained the same until his death, May 12, 1900, except that he conveyed a portion of the lands after obtaining the consent of appellant; that since the death of said Sly, Eliza Sly, his widow and devisee, has retained the possession of said premises and the receipt of the rents and profits thereof. The bill further alleges that within six months prior to the said conveyance appellant and one Matheny executed their joint and several accommodation notes for the sum of $12,500 in favor of Standiford Bros., bankers at Chrisman, Ill.; that appellant was left the sole responsible maker of said notes; that the said Sly advanced the further sum of $1,000 for the same object as the above mentioned sum of $6,200, and that the said sum of money and all the property of appellant was exhausted in settling, so far as the same would apply, the said accommodation notes; that appellant though always willing had not been able to pay to said Sly or to any of the appellees what was due on the indebtedness, prior to the commencement of this suit; that the said Sly died testate May 12, 1900, and devised the said lands so conveyed to him, as set forth in his last will and testament and codicil thereto. The bill concludes with a prayer for relief in appropriate form in such cases. Appellees interposed their demurrer to this amended bill, which was sustained by the chancellor, and a decree entered dismissing the same for want of equity.

Appellees question the jurisdiction of this court to entertain this appeal on the ground that it involves a freehold.

It has been repeatedly held that a bill in equity seeking the relief prayed in this bill in the case at bar does not involve a freehold. Adamski v. Wieczorek, 181 Ill. 361, and cases there cited.

If the transaction alleged in the bill had been a mortgage in law and the legal representatives of Allen Sly had sought to foreclose the same in a proceeding in equity instituted at the time the bill in this case was filed, foreclosure must have been denied because the indebtedness it was given to secure was then barred by the statute. Sec. 11, chap. 83, Hurd's Stat. 1903. "The right to redeem and the right to foreclose are reciprocal, and when one is barred the other is barred." Fitch v. Miller, 200 Ill. 170. Appellant under the allegations of his bill, is clearly precluded by his laches from enforcing his right to redeem, and the demurrer was, therefore, properly sustained. The decree dismissing the bill for want of equity is affirmed.

*Affirmed.*