ELLEN REAGAN, Appellant, *vs.* ELIZABETH HOOLEY *et al.* Appellees.

*Opinion filed December 21, 1910.*

APPEALS AND ERRORS—*when no freehold is involved.* A suit to have a deed absolute on its face declared to be a mortgage and to require the defendant to foreclose, or to have the property sold by order of the court and require the defendant, after an accounting, to pay over the balance of the proceeds of such sale to the complainants, as heirs of the grantor, does not involve a freehold, and an appeal cannot be taken to the Supreme Court upon that ground.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOHN M. DUFFY, for appellant.

ROGERS & MAHONEY, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The original bill filed in this case in the circuit court alleged a trust in favor of the heirs or legatees of one Mary Whouley. Thereafter the bill was amended, praying that a certain warranty deed be declared a mortgage. On a hearing this amended bill was dismissed for want of equity, and the case has been appealed to this court.

Mary Whouley, an unmarried woman, died on June 26, 1896. On May 12, 1896, she gave a warranty deed to Elizabeth Hooley for the express consideration of one dollar, transferring certain real estate in the city of Chicago. The amended bill prays that this deed be declared a mortgage to secure certain advances made by Elizabeth Hooley to said Mary Whouley, and that the said Elizabeth Hooley either be required to foreclose the same, or that the property be sold under an order of court and the said Elizabeth Hooley, after an accounting, be required to pay over the balance of the proceeds of said sale to the heirs or legatees of said Mary Whouley.

Under a long line of decisions this court has held that in a suit to have a deed absolute on its face declared a mortgage no freehold is involved and the appeal or writ of error lies to the Appellate Court and not to this court. (*Adamski* v. *Wieczorek,* 181 Ill. 361; *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 id. 199; *Schoendubee* v. *International Building Loan and Investment Union,* 183 id. 139; *Eddleman* v. *Fasig,* 218 id. 340; *Burroughs* v. *Kotz,* 226 id. 40; *Halbert* v. *Turner,* 233 id. 531.) The allegations of the bill with reference to the foreclosure and for an accounting are all collateral and incidental to the main allegations of the bill, which prays that the deed be declared a mortgage. Even if they were the principal averments in the bill that would not give this court jurisdiction, as a bill to foreclose a mortgage does not involve a freehold. (*Pinneo* v. *Knox,* 100 Ill. 471; *McIntyre* v. *Yates,* 100 id. 475; *Akin* v. *Cassiday,* 105 id. 22; *MacDonald* v. *Dexter,* 234 id. 517; *Kronenberger* v. *Heinemann,* 190 id. 17.) Neither would a freehold be involved in a bill of this nature for an accounting. *Nevitt* v. *Woodburn,* 175 Ill. 376; *Klein* v. *Independent Brewing Ass'n,* 231 id. 594; *Adamski* v. *Wieczorek, supra.*

We have considered the only allegations in the bill that could possibly give this court jurisdiction and allow the case to be brought directly here from the trial court. This court being without jurisdiction, the cause will be transferred to the Appellate Court for the First District, and the clerk of this court will transmit to the clerk of the Appellate Court all the files in this case, together with the order transferring the case.        *Cause transferred.*