(No. 15132.—Cause transferred.)
ELLA H. WENDELL, Appellant, *vs.* JOHN MACKENZIE *et al.* Appellees.

*Opinion filed February 21, 1923.*

FREEHOLD—*when bill to have deed declared a mortgage does not involve a freehold.* A bill which prays that a deed executed by the complainant be declared a mortgage and that the defendant be required to re-convey to the complainant upon the ascertainment and payment of the amount of the indebtedness does not involve a freehold, even though it prays, also, that a third party to whom the defendant made a conveyance be required to deliver up her deed, which the bill alleges was made simply to incumber the title and was accepted with notice of the complainant's rights. (*Adamski* v. *Wieczorek,* 181 Ill. 361, followed.)

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

CHARLES L. COHNS, for appellant.

SAMUEL WODIKA, (JOHN C. LEWE, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Ella H. Wendell filed her bill in the superior court of Cook county asking to have a deed made by her to John MacKenzie declared to be a mortgage. The bill alleged complainant owned the property described, which is known as 1538 West Adams street, Chicago; that on March 8, 1920, she was indebted to MacKenzie in the sum of $905; that she and her husband executed a deed to defendant conveying the property to him on that day, which was recorded March 12, 1920; that it was expressly agreed and understood between her and defendant that the deed was made simply as security for the payment of said sum of money and that upon its payment defendant would re-convey the property to her; that defendant had collected the rent of the property, $100 a month, since June 1, 1920, and had received more than the $905 due him; that she had requested defendant to re-convey to her, but he refused to do so; that April 29, 1920, the defendant executed a trust deed to one Nelson as trustee, to secure the payment of two notes payable to the order of defendant, and by him indorsed and delivered, for the sum of $1750 each, which trust deed had been recorded; that complainant believed the notes and trust deed were executed without any consideration and for the purpose of incumbering the property; that no money or anything of value was given defendant for said notes and trust deed and that they are at present held by defendant; that complainant on the 3d of June, 1920, caused to be filed in the recorder's office of Cook county an affidavit to the effect that the deed executed by her to MacKenzie on March 8, 1920, was given by her as security for the payment of an indebtedness and was not an absolute conveyance; that defendant had incumbered the premises by a purported deed to Mrs. Ansell, dated March 16, 1921, and recorded April 4, 1921; that complainant believed no consideration or anything of value was given by Mrs. Ansell for the deed, and that it was merely given for

the purpose of incumbering the record; that Mrs. Ansell had due notice of the lack of title in defendant at the time she took the deed. The bill asked that defendant be enjoined from further collecting rents from the property and from further applying the rents collected to his own use, and that some person be appointed receiver to collect the rents. The bill made MacKenzie, Charles S. F. Nelson, individually and as trustee, and Mrs. Ansell, defendants, and prayed that MacKenzie be required to re-convey the property to complainant and to account for all moneys received by him as rent for it, and that he be required to deliver up to be canceled the notes signed by him April 29, 1920, for $1750 each; that Nelson, the trustee named in the trust deed to secure the notes, be required to release the trust deed; that Mrs. Ansell be required to deliver up the deed to her of March 16, 1921, from MacKenzie, and that she be required to re-convey the premises to complainant, and that a receiver be appointed, etc. MacKenzie answered the bill, denying the deed was a mortgage and denying complainant was entitled to the relief prayed. Neither the abstract nor the record shows that any other of the defendants answered the bill. The abstract shows Mrs. Ansell was defaulted, but Nelson was represented by counsel when the parties appeared before the master to whom the cause was referred to take testimony. The master took the testimony, reported his conclusions of law and fact, and recommended that the bill be dismissed for want of equity. The chancellor overruled exceptions to the report and entered a decree dismissing the bill. Complainant has prosecuted this appeal direct to this court from that decree.

We are of opinion no freehold is involved and that this court has no jurisdiction to entertain the appeal. The bill is in substance and effect a bill to declare the deed a mortgage and for an accounting to determine what, if any, amount of indebtedness it was given to secure is unpaid, and that defendant, when paid in full, be required to re-

convey to complainant. This court has frequently held such a suit does not involve a freehold. A bill of that kind was considered by this court in *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199. The bill in that case prayed, among other things, that the defendant be required to convey the premises to complainant, and the court said that did not determine that a freehold was involved, and the court refused to take jurisdiction of the appeal. The question of our jurisdiction is not raised by the parties, and there is therefore no discussion of it in the briefs. So far as we can see, the only possible ground on which it could be urged a freehold is involved is that the bill prays the deed from MacKenzie to Mrs. Ansell be set aside. According to the allegations of the bill the deed was not a *bona fide* conveyance but was made simply to incumber the title, and Mrs. Ansell accepted the deed with notice of appellant's claimed rights. Mrs. Ansell did not answer the bill and made no claim by virtue of the deed to her. A similar situation was involved in *Adamski* v. *Wieczorek*, 181 Ill. 361, on a bill to declare a deed a mortgage. The court said it was claimed a freehold was involved because the bill prayed that a deed made by the defendant pending the litigation, to a man named Lobe, be set aside as a cloud on the title. This court said when the court found and decreed the deed was a mortgage and complainant was entitled to redeem, the mere fact that the deed to Lobe was set aside as a cloud on the title did not change the character of the bill or the nature of the relief sought; that setting aside the deed was a mere incident to the relief prayed.

This appeal should have been prosecuted to the Appellate Court, and it is ordered transferred to the Appellate Court for the First District.          *Cause transferred.*