J. H. VINCENT, Appellee, *vs.* GUST A. PETERSON *et al.* Appellants.

*Opinion filed October 28, 1925.*

APPEALS AND ERRORS—*suit to have a deed declared a mortgage does not involve a freehold.* A bill to declare certain deeds to have been given to secure indebtedness, praying for sale of the property to satisfy the same, to correct the description in the deeds and to foreclose the mortgage as corrected, does not involve a freehold and a direct appeal from the decree cannot be taken to the Supreme Court.

APPEAL from the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding.

HINCHCLIFF & MILLER, for appellants.

KNIGHT & MOHR, and WELSH & WELSH, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

This appeal from a decree of the circuit court of Winnebago county should have been taken to the Appellate Court for the Second District. The bill was filed by

J. H. Vincent, the appellee, and alleged that Salem Siffren on May 6, 1921, was the owner in fee simple of lots 11, 12 and 13 in block 3 of a certain subdivision in the city of Rockford, and on that date undertook to convey the east thirty-eight feet of lot 13 by a warranty deed to the complainant's wife's, Ella M. Vincent, to secure the complainant in a debt amounting to $2213.57; that on July 14, 1921, Siffren undertook to convey lot 12, the west twelve feet of lot 13 and the east twelve feet of lot 11 by warranty deed to Mrs. Vincent to secure an indebtedness to the complainant of $3967.77. The bill further alleged that the property was erroneously described in each of these deeds, and that on July 17, 1922, Siffren corrected the erroneous descriptions by executing and delivering to Mrs. Vincent warranty deeds in which the property was correctly described; that on August 3, 1921, Siffren made a deed to Gust A. Peterson for lots 11, 12 and 13 to secure an indebtedness due to Peterson, and at the time Peterson knew of Siffren's deeds to Mrs. Vincent, and knew that they were made to secure debts and that the deed to him was subsequent in right and equity to the deeds to Mrs. Vincent. It is further alleged that Mrs. Vincent died intestate on August 12, 1923, and that her heirs have conveyed all of their interest by warranty deed to the complainant. It is averred that W. P. Johnstone and Albert Johnson claim some right or interest in the property, and they, together with Gust A. Peterson and Siffren, were made defendants to the bill, which prayed that the title of the complainant might be declared, confirmed and settled; that the deeds of conveyance from Siffren to Mrs. Vincent might be reformed so as to describe correctly the property intended to be conveyed; that such deeds might be decreed to constitute mortgage liens on the real estate described for the sums of $2213.57 and $3967.77, respectively; that the court might decree that the interest of the defendants is subject to the interest of the complainant; that the amount of the indebtedness due the complain-

ant might be determined by the decree of the court and the premises sold under the direction of the court to satisfy such amount.

Gust A. Peterson filed an answer admitting the ownership of the premises by Salem Siffren in fee simple on May 6, 1921, and the conveyance of lots 11, 12 and 13 to him on August 3, 1921, averring that the deed was made for a valuable consideration, and that upon its delivery he became the owner of the real estate described in fee simple, prior to the acquiring of any interest therein by Mrs. Vincent, except as to the east thirty-eight feet of lot 13, being the land conveyed to Mrs. Vincent on May 6, 1921. The answer further denies knowledge of the deeds of conveyance from Siffren to portions of lots 11, 12 and 13, and denies that the deeds to Mrs. Vincent are prior in time of execution or recording or in equity and justice to the conveyance to the defendant, and denies that the conveyance to him was a mortgage but avers that it was an absolute conveyance; that upon its execution he went into the actual, open and exclusive ownership of all the property described in the deed and continued to be in possession and is now the absolute owner of the property, subject only to the mortgage indebtedness against it. The answer neither admits nor denies the death of Mrs. Vincent on August 12, 1923, but denies the right of the complainant to maintain the suit or to enforce any lien on the real estate. Peterson also filed a cross-bill, alleging his ownership of lots 11, 12 and 13 and averring that in the conveyance of them to him by Siffren an error occurred in the description, which the cross-bill as amended prayed might be corrected, and it also prayed that Peterson's title might be confirmed and he declared to be the owner of the lots.

Salem Siffren answered the cross-bill, denying Peterson's ownership, alleging that the deed to him from Siffren was security for a loan, and denying that Peterson paid any consideration for such conveyance. Albert Johnson an-

swered the original bill, claiming as the owner of a prior mortgage, and, together with Henry Klaung as a joint owner with him, filed a cross-bill to foreclose that mortgage.

The court found that the deeds to Ella M. Vincent were made to secure an indebtedness to J. H. Vincent, the complainant in the original bill, in the sums of $2213.57 and $3967.77, respectively, and that the money was to draw interest at the rate of six per cent; that the deeds should be reformed and corrected in accordance with the averments of the original bill; that Peterson at the time of the conveyance to him knew of the conveyances to Mrs. Vincent and knew that his deed was subsequent in time, right and equity to the conveyances to her. Salem Siffren was ordered to pay to the complainant the amount found due to him, and in default of such payment the master was ordered to sell the premises. The decree further stated that the equities of the case, as between Peterson and Siffren, are not determined but such issue is to abide the further order of the court.

From this statement of the pleadings and the decree it is manifest that the bill is simply one to declare a deed to be a mortgage, to correct the description, and to foreclose the mortgage as corrected. It does not involve a freehold, and there is no other ground for jurisdiction of a direct appeal to this court. (*Reagan* v. *Hooley,* 247 Ill. 430; *Oswald* v. *Hexter,* 254 id. 158; *Funk* v. *Fowler,* 264 id. 21; *Lennartz* v. *Boddie,* 304 id. 484; *Hajicek* v. *Goldsby,* 309 id. 372.) Many other authorities are cited in the cases mentioned.

The cause will be transferred to the Appellate Court for the Second District.          *Cause transferred.*