(No. 17462.—Cause transferred.)
H. D. MORGAN, Appellant, *vs.* REUBEN BAILY CARSON *et al.* Appellees.

*Opinion filed June 16, 1926.*

FREEHOLD—*a freehold is not involved in suit to have deed declared a mortgage.* A bill filed by the assignee of a judgment creditor of a grantor, praying that the grantor's deed be declared a mortgage and that the complainant be allowed to redeem, does not involve a freehold, and an appeal lies from the decree in such case to the Appellate Court and not to the Supreme Court.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

W. O. PENDARVIS, for appellant.

J. W. MAPLE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal should have been taken to the Appellate Court. The appellant, H. D. Morgan, claiming to be the assignee of a judgment creditor of Mrs. Elizabeth Gruensfelder, filed a bill in the circuit court of Peoria county against Reuben Baily Carson and the administrator and heirs of Elizabeth Gruensfelder, deceased, and her surviving husband, to have two deeds executed by Mrs. Gruensfelder in her lifetime to Carson declared to be mortgages and to be permitted to redeem from them upon payment of

the mortgage debt. The bill was answered, the cause was referred to a master, the evidence was taken and reported and a decree was rendered dismissing the bill for want of equity, from which the complainant appealed.

There is no ground of jurisdiction of this appeal to this court. A bill to have a deed declared a mortgage and to redeem does not involve a freehold and an appeal lies from the decree in such case to the Appellate Court and not to this court. *Lynch* v. *Jackson,* 123 Ill. 360; *Ryan* v. *Sanford,* 133 id. 291; *Funk* v. *Fowler,* 264 id. 21; *Peterson* v. *Peterson,* id. 121; *Henry* v. *Britt,* 265 id. 131; *Diggins* v. *Axtell,* 266 id. 564.

The cause will be transferred to the Appellate Court for the Second District.                    *Cause transferred.*