(No. 31143.—

AGNES D. MYERS, Appellant, *vs.* QUINCY A. MYERS *et al.,*
Appellees.

*Opinion filed January 18, 1950.*

TIMOTHY J. MURTAUGH, of Chicago, for appellant.

SEAGO, PIPIN, BRADLEY & VETTER, of Chicago (MAR-
SHALL A. PIPIN, and JOHN H. MARTIN, of counsel,) for
appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff, Agnes D. Myers, filed a suit at law in the
superior court of Cook County against the defendants,
Quincy A. Myers and Cora L. Myers, claiming damages
because she alleged that they had alienated her husband's
affections and had deprived her of her husband's support.
Later the plaintiff filed an amended complaint of two
counts, the first of which was substantially the same as the
original count. The second count, however, was entitled

"Separate action in chancery," and was brought against the same defendants, alleging that her husband had executed a quitclaim deed in 1939, to certain real estate which she and her husband had contracted to purchase, and that thereafter the said defendants acquired from the vendor of the said property a quitclaim deed, and that said conveyance was obtained for the purpose of depriving the plaintiff of the use and benefit of said property, and prays that the said defendant, Cora L. Myers, be decreed to hold the property as trustee for the benefit of plaintiff and her husband, and that the defendants be directed to convey by warranty deed the said property to herself and her husband as joint tenants, and for other relief.

A summons was issued and returned by the sheriff of Cook County "not found." An affidavit of nonresidence was filed, disclosing that the defendants were nonresidents of the State of Illinois, and the publication notice was made and the certificate of mailing duly filed in court. The defendants appeared specially, with a motion to quash service and to dismiss, limiting their appearance for the purpose of challenging the jurisdiction of the court over the persons of the defendants, and for no other purpose; and set forth in the motion the several grounds upon which the motion was based. A hearing was had by the court upon said motion, and upon the special and limited appearance of the defendants, and the court thereupon ordered that unless within ten days the plaintiff should elect to and strike from her amended complaint and dismiss from the suit all of count one of the amended complaint, and the paragraph in count two which realleges parts of the matter alleged in count one, and limit herself to the action *in rem* against the real estate described in count two of the amended complaint, that the service by publication would be quashed and the suit dismissed; but, if the plaintiff would elect to and did strike from her amended complaint and dismiss the said matter just specified, and elect to limit herself to

the *in rem* action against the real estate described in count two of the amended complaint, the motion to quash to that extent would be overruled, and the defendants given thirty days in which to answer or otherwise plead to the *in rem* action.

It appears that later, after due notice, the attorney for the plaintiff appeared and refused and failed to either elect, or to strike from her amended complaint and dismiss from the suit all of the matters set forth in count one, and that part of count two which realleged parts of count one, and thereupon the court ordered that the purported service on the defendants by publication be quashed and said cause dismissed. Thereupon the plaintiff gave notice of appeal to the Supreme Court from the order entered quashing the service by publication and dismissing the case.

The appellees have made a motion to transfer this cause to the Appellate Court for the reason that the appeal does not involve a freehold nor any of the other grounds upon which a direct appeal may be taken from the trial court to the Supreme Court. Section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 199,) provides that "Appeals shall be taken directly to the Supreme Court in all cases in which a franchise or freehold or the validity of a statute or a construction of the constitution is involved, and in cases in which the validity of a municipal ordinance is involved, and in which the trial judge shall certify that in his opinion the public interest so requires, and in all cases relating to revenue, or in which the State is interested as a party or otherwise."

It is apparent from an inspection of the record that a freehold is not directly involved, because in order for a freehold to be involved this court's decision must necessarily result in a loss or gain of a freehold, or the decision must necessarily involve a determination with respect to the ownership of the real estate in question. (*Campo v. Grunewald,* 391 Ill. 91.) The sole question decided by the

court in the present case was a procedural matter of whether a count involving a trust in real estate, upon which service by publication was had, could be joined in the same suit with an action at law upon which personal service must be had, whereby the defendant must appear generally to make a defense and thereby submit himself to the jurisdiction of the court in the law case. No freehold can possibly be involved until an issue upon the second count has been decided and a decree entered by the court by which one party gains and the other party loses a freehold.

The only other ground that could be involved would be either the validity of a statute or the construction of the constitution. There is no assignment of error in the plaintiff's abstract or brief indicating that the validity of any statute is involved. In order to question the validity of a statute it is necessary that the point be raised in the trial court and decided by it. (*People ex rel. Rago* v. *Lipsky,* 390 Ill. 70; *Grutzius* v. *Armour and Co.* 377 Ill. 447.) Likewise, no question of the construction of the constitution of the State of Illinois or of the United States has been urged as a ground of appeal in this case, and it is also true that to raise such question it must be alleged in the trial court, and be decided by that court in order to give us jurisdiction. *Pickard* v. *Rice,* 391 Ill. 615; *Lewis* v. *West Side Trust and Savings Bank,* 373 Ill. 245; *Sheridan-Brompton and Annex Bldg. Corp.* v. *Daane,* 348 Ill. 306.

The matter involved here is a pure question of procedure as to whether under the Civil Practice Act the court could require the plaintiff to elect whether she would proceed with her action *in rem* in which she could obtain jurisdiction by publication, or upon refusal to do so have her cause dismissed. In the case of *Frey* v. *Schaab,* 379 Ill. 315, we held that where the grounds of appeal involve only matters of procedure which do not bring forward an issue of freehold, or any other matter giving the Supreme

610

Court jurisdiction on a direct appeal, the cause must be transferred to the Appellate Court.

We entertain no doubt that the matter involved in this case is a purely procedural question, and that we do not have jurisdiction on direct appeal. Accordingly, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*