(No. 31654.—

JULIUS S. NEALE, Trustee, *vs.* ARCHIE PARKS *et al.*— (ELIZABETH DRUGGAN, Appellee, *vs.* JULIUS S. NEALE, Trustee, *et al.,* Appellants.)

*Opinion filed January 18, 1951.*

MARTIN G. LOEFF, of Chicago, for appellants.

FRANCIS M. LOWES, of Chicago, (FRANCIS M. COOPER, of counsel,) for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The defendant Archie Parks, and the counterplaintiff, Elizabeth Druggan, both by appeal and cross appeal, seek reversal of a decree of the circuit court of Cook County entered upon the amended and supplemental petition of counterplaintiff.

Elizabeth Druggan, the ostensible owner of the property in question, known as number 4912 West Washington Boulevard, Chicago, made a mortgage to Home Federal Savings and Loan Association for $5000 which was assigned to plaintiff, Julius S. Neale, as trustee, for a good and valuable consideration. Neale, as trustee, filed on August 3, 1943, a complaint for foreclosure, and a decree therefor was entered on September 22, 1943. This decree is still in full force and effect and is not in question here. Subsequent to the entry of this decree, Elizabeth Druggan, who had not been served in the original foreclosure action and was later dismissed as a party defendant, filed an amended and supplemental petition, which stands as her counterclaim, claiming to be the owner in fee simple of

the premises in dispute and praying she be permitted to become a party to the foreclosure suit; that she be permitted to pay the mortgage; that the decree of foreclosure be vacated; and that two deeds, one from herself to Edith Phillips dated January 10, 1941, and one from said Edith Phillips to the defendant Archie Parks, dated January 20, 1942, be vacated and declared to be illegal and void for the reason the deed to Edith Phillips was to be construed as a mortgage for advances never made, and the deeds were, therefore, without consideration. Among the many charges made were that Elizabeth Druggan never owned the property, except as a convenience for her son, Terry Druggan, who represented that he owned the premises and that Edith Phillips held title for him. Elizabeth Druggan asserts the defendant Archie Parks furnished the funds for the purchase of the original mortgage by Neale, and that Parks is the real owner thereof. She also claims John Phillips, husband of Edith Phillips and a real-estate broker, was her agent with authority to handle and deal with the property and admits the deed was given for money to be loaned but claims nothing was ever paid thereunder and alleges all this was with the knowledge of the defendant Archie Parks.

The master found the deed to Edith Phillips was made to secure loans made to Terry Druggan and that Parks accepted the deed as security for the loans made, and recommended that, upon payment of the amounts due under the mortgage and interest thereon, and of amounts advanced by Parks upon said mortgage and for upkeep of the premises, Parks and Neale shall release and cancel the trust deed and that Parks shall convey all his title to Mrs. Druggan, and that the foreclosure suit be then dismissed for want of equity and all notes be canceled; and that both parties pay the costs equally. The chancellor on May 4, 1950, entered a decree granting leave to Elizabeth Druggan

to file an amendment to her counterclaim instanter, adding a further prayer in the alternative for a decree adjudging that the deeds of conveyance to Edith Phillips and Parks, though absolute in form, were in the nature of mortgages; overruled certain exceptions to the master's report and sustained others; and found that Elizabeth Druggan was entitled to redeem said premises by paying to Archie Parks $6045.78 without interest, less the amount she is entitled to have upon an accounting by Parks for rent on and after August 1, 1943, to December 31, 1947; that the attorney for Neale owned the mortgage and was, therefore, not entitled to attorney's fees; that the $6500 deposited in court by Elizabeth Druggan should not bear interest; that Elizabeth Druggan is entitled to redeem the premises from the deed in the nature of a mortgage to Parks upon paying to him what may be due when the account is stated and approved by the court; and holds the deeds from Edith Phillips and John Phillips, her husband, to be in truth and fact a mortgage for sums advanced to Terry Druggan in the amount of $6045.78; and that Elizabeth Druggan by her conduct, inaction, and acquiescence authorized and permitted and suffered the title to be used for this purpose and that Parks knew or should have known Edith Phillips held title for the benefit of Elizabeth Druggan. The decree further commands Elizabeth Druggan to pay the money found due on the accounting and upon payment Parks shall execute and deliver his quitclaim deed free and clear of all encumbrance to Elizabeth Druggan or to such person as she may direct; that, if she shall first fail to pay the amount found due to Parks, her counterclaim shall stand dismissed for want of equity and she shall be forever barred from all claims, including her equity of redemption and including also her right of redemption from the first mortgage and also from the deeds to Edith Phillips and from the latter to Parks. The decree confirms the master's re-

port except in certain particulars and reserves jurisdiction of the receivership, the parties and the receiver for the purpose of terminating the receivership.

Appellee, although filing a cross appeal, questions the jurisdiction of this court on the ground a freehold is not involved. Our first consideration must be directed to this contention and having done so our conclusion is that the cause must be transferred.

The master found, and the decree confirms, that the entire transactions between Elizabeth Druggan, Terry Druggan, Edith Phillips, John Phillips, and Archie Parks were in the nature of a mortgage for advances made, although the defendant Archie Parks maintains the transfers to him were for a valuable consideration. The court ordered an account stated, and for this purpose retained jurisdiction of the case, of the parties, and of the receivership.

This court, in a number of cases, has just recently been required to announce the rules governing transfers of direct appeals in similar cases. Succinctly stated, some are repeated here. The fact that a freehold has been involved in an action is not decisive of the question of our jurisdiction upon a direct appeal. The freehold must not only be involved in the decree (here the later decree upon the counterclaim appealed from,) but also in the issues to be settled on the appeal, in order to give this court jurisdiction. (*Lakin* v. *Wood*, 406 Ill. 595; *Huschen* v. *Huschen*, 401 Ill. 518.) In order for a freehold to be involved, this court's decision must necessarily result in a loss or gain of of a freehold, or the decision must necessarily involve a determination with respect to the ownership of the real estate in question. (*Myers* v. *Myers*, 404 Ill. 606.) Where the decree of the lower court did not involve the question of freehold and the errors assigned are to parts of the decree or to an order other than those relating to the freehold, such appeals should be taken to the Appellate Court. A direct appeal will not lie where the order or decree is one

for the payment of money only. (*In re Estate of Heuer,* 402 Ill. 238.) Where the litigation in a certain contingency may result in the loss of a freehold but does not necessarily have that result, a freehold is not involved. The freehold must be directly and not collaterally, contingently or incidentally involved; and where a defendant (or counterclaimant) may prevent the disturbance of his title by making payment or doing some act to arrest a sale, a freehold is not involved; and where the right to do certain things which in equity would entitle the party to a freehold might or might not be exercised, or where the conveyance in question depends upon subsequent acts which might not be required or performed, a freehold is not involved. If the gain or loss of a freehold is dependent upon the subsequent act or inaction of a named defendant (or cross plaintiff) and complete satisfaction of a decree ordering conveyance of real estate can, by its terms, be effected by payment of money within a time designated, a freehold is not involved so as to give this court jurisdiction. *Kurzawski* v. *Malaga,* 402 Ill. 207, and cases cited.

Here, the main relief sought by the amended and supplemental petition is the right of Elizabeth Druggan, who was not served and was later dismissed from the suit as a party defendant, to appear and assert her right to redeem from the first mortgage. The decree finds that the deed to Edith Phillips was given only as a mortgage. This is purely a decree for the payment of money for the sums found to be due. The propriety of these findings and of the chancellor in permitting the intervention at such a late date; the questions of the burden of proof; the sufficiency of the evidence; the claim of *laches;* the receivership and the question of accounting; the decree providing for the payment of the sum yet to be found due, and the other questions raised in the case, do not present a question of a freehold. If Elizabeth Druggan pays the amount found to be due and complies with the decree, she has lost no

freehold, nor has she gained one. If, on the other hand, she fails to comply and does not redeem the mortgage due, the defendant certainly has lost no freehold. The outcome, therefore, depends entirely upon the action or inaction of Elizabeth Druggan. The decree follows the master's finding in adjudging the transaction between Druggan and Parks to be merely that of a mortgage and orders an accounting. A bill to redeem from a mortgage sale does not involve a freehold, even though as an incident to the main relief, there is also sought relief by setting aside a deed to a third party, who had notice of complainant's right. (*Diggins* v. *Axtell*, 266 Ill. 564.) And the setting aside of the deeds would be merely incidental to the right to defend in the original suit to foreclose and to redeem from the mortgages, and does not involve a freehold. *Kramer* v. *Ginger*, 405 Ill. 17.

When the question litigated is whether an absolute conveyance was in fact intended as a mortgage, no matter how the question may arise or be contested, no freehold is involved and the appeal should go to the Appellate Court. *Lill* v. *Pace*, 320 Ill. 522; *Vincent* v. *Peterson*, 318 Ill. 249; *Powers* v. *Walrath*, 311 Ill. 591; *Hess* v. *Bartmann*, 311 Ill. 191; *Morgan* v. *Carson*, 322 Ill. 141; *Rubin* v. *Midlinsky*, 324 Ill. 508; *Reagan* v. *Hooley*, 247 Ill. 430; *Wendell* v. *MacKenzie*, 307 Ill. 109; *Henry* v. *Britt*, 265 Ill. 131.

For the reasons assigned, and upon the basis of a long line of authorities, the cause is transferred to the Appellate Court, First District.　　　　*Cause transferred.*