(No. 32632.—

MATTIE L. GUEST, Appellee, *vs.* MATHEW H. GUEST *et al.*— (LIZZIE GUEST *et al.,* Appellants.)

*Opinion filed March 23, 1953.*

JOHN D. VOSNOS, and AUGUSTUS L. WILLIAMS, both of Chicago, (G. A. BOSOMBURG, of counsel,) for appellants.

GALE L. MARCUS, of Chicago, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook County finding that a quitclaim deed, absolute on its face, was in fact an equitable mortgage, and ordering the sale of the premises conveyed to satisfy a judgment and to pay future child support due from the grantor to his divorced wife.

The litigation had its start on July 24, 1950, when appellee, Mattie L. Guest, was awarded a divorce decree in the superior court against Mathew H. Guest, to whom we shall hereafter refer as defendant. The decree fixed separate interests in real estate owned by the parties, awarded appellee custody of three minor children and directed defendant to pay $10 a week for their support. Shortly after, on August 26, 1950, defendant conveyed his real estate to his sister, Lizzie Guest, and to Ada DePriest, his daughter by a previous marriage, who are the appellants here. Subsequently, in September, 1951, appellee filed another petition in the cause and, as a result, was given judgment against the defendant for $602.52, which sum included $130 for past due child support payments, $300 attorney's fees and $190.52 appellee had advanced in defendant's behalf. Shortly thereafter, appellee filed two petitions in the cause, joining appellants as parties defendant, for the obvious purpose of making the real estate in question subject to the payment of the judgment of appellee. She charged that the conveyance to appellants was fraudulent or, in the alternative, that it was an equitable mortgage. Following various motions and pleadings by the parties, and a hearing before a master, a decree was entered in which the court found that the deed, though absolute on its face, was actually intended by the parties as an equitable mortgage to secure Lizzie Guest for sums that might become due her by virtue of advances made by her to the defendant, and that Ada DePriest was added as a grantee only to further secure Lizzie Guest. The master was ordered

to sell the premises and from the proceeds was directed to pay appellee the amount of her judgment, with interest; was ordered to compute and pay appellee future child support; and was ordered to pay Lizzie Guest the amounts the conveyance was given to secure. Lizzie Guest and Ada DePriest have appealed directly to this court.

At the outset, appellee has raised the question of this court's jurisdiction of a direct appeal and, we believe, correctly so. It is apparent from an examination of the record in this case that there is no question which gives us jurisdiction. A freehold is not involved in a suit by a judgment creditor to set aside a fraudulent conveyance made by a debtor and to subject the land conveyed to the payment of the judgment. (*Murray* v. *Sheridan,* 411 Ill. 65; *Feltinton* v. *Rudnik,* 401 Ill. 362.) The same rule applies in a suit to have a deed to a tract of land, absolute on its face, declared a mortgage, (*Neale* v. *Parks,* 408 Ill. 212; *Vidon* v. *Roberts,* 392 Ill. 381; *Lill* v. *Pace,* 320 Ill. 522,) and is stated in the *Neale case* as follows: "When the question litigated is whether an absolute conveyance was in fact intended as a mortgage, no matter how the question may arise or be contested, no freehold is involved and the appeal should go to the Appellate Court."

We see no reason to deviate from these established principles in this case. The decree appealed from finds only that the deed given by defendant was not intended as an absolute deed to vest title in Lizzie Guest in an unconditional manner, but was intended only to serve as security for sums advanced to the defendant and that the conveyance to Ada DePriest was not absolute but was only a further part of the plan to retain the property as security for the advances due Lizzie Guest. This court not having jurisdiction, the cause is transferred to the Appellate Court for the First District.