CAROLINE SMITH, Admx. et al.

v.

NANCY E. GALLENTIN et al.

*Opinion filed February 14, 1898.*

APPEALS AND ERRORS—*when appeal from decree requiring convey-ance of land lies to Appellate Court.* An appeal from a decree requiring specific performance of a contract to convey land upon payment of the amount due, lies to the Appellate Court, where the making of the contract and the right to conveyance are conceded, the only objection being that the decree finds a wrong amount due.

APPEAL from the Circuit Court of Whiteside county; the Hon. J. C. GARVER, Judge, presiding.

F. E. ANDREWS, for appellants.

J. E. McPHERRAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Whiteside county for the specific performance of a written contract for the sale of certain lands in that county, in which the court found the balance due on the contract to be $395.45.

The jurisdiction of this court is to be determined by the questions involved in the appeal, and although a free-hold may have been originally involved in the suit and in the decree rendered, yet if no objection is made to the decree so far as it settles the right to a conveyance of the freehold upon payment of the amount due, and the only objection is to the settlement by the court of the matters of account, an appeal will not lie from the circuit court to this court, but it must be taken to the Appellate Court. The only question raised on this appeal is the correct-ness of the finding that there was but $395.45 due, and

that the circuit court erred in not finding a larger amount to be due. The making of the contract and the right to a conveyance upon payment of whatever may be justly due is conceded, and therefore the appeal does not involve a freehold, but only the settlement of accounts. *Cheney* v. *Teese,* 113 Ill. 444; *Walker* v. *Pritchard,* 121 id. 221; *Malaer* v. *Hudgens,* 130 id. 225; *Moore* v. *Williams,* 132 id. 591.

The appeal is dismissed.                *Appeal dismissed.*