ISAAC KUHN, Appellee, *vs.* SAMUEL EPPSTEIN *et al.*
Appellants.

*Opinion filed December 17, 1907.*

1. RES JUDICATA—*when judgment is res judicata as to right to specific performance.* A judgment of the Supreme Court finding, in terms, that a decree ordering specific performance is right but remanding the cause for the purpose of taking testimony upon the question of certain damages, is *res judicata* as to the right of complainant to specific performance.

2. APPEALS AND ERRORS—*when appeal from a specific performance decree does not involve a freehold.* An appeal from a decree in a specific performance proceeding does not involve a freehold, where the question of the right of complainant to a conveyance is *res judicata* under a judgment of the Supreme Court upon former appeal, and the only question open to review is whether the amount of damages awarded by the decree is correct.

APPEAL from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

This case has been in this court twice heretofore, (*Kuhn v. Eppstein,* 219 Ill. 154; *Eppstein v. Kuhn,* 225 id. 115;) and the facts need not be here repeated.

The last time the case was here this court said (p. 125): "That part of the decree, therefore, holding that appellee is entitled to a specific performance will be affirmed, and that part of it holding that McDonnell had no interest in the premises except that of possession * * * will be reversed and the cause remanded, with directions to the circuit court to hear further testimony of the parties, or either of them, as to the difference in the value of the premises, if any, resulting from the encumbrance by virtue of the lease to McDonnell and the deterioration in the market value caused by the fire. * * * The amount of such diminution is to be deducted from the $7000 and a conveyance ordered made to appellee upon payment of the balance."

After the case was re-docketed in the lower court the matter was referred to a special master to take evidence on the question of damages, and after his report the final decree was entered, finding that "the market value of the premises * * * have been damaged in the amount of $3918, and that said sum shall be deducted from the balance of the contract price of $7000, leaving a balance of $3082 due the defendants; * * * that upon the payment of said sum of $3082 by * * * Isaac Kuhn to Samuel Eppstein and William D. Eppstein, * * * the Trevett-Mattis Banking Company shall deliver to * * * Isaac Kuhn the deed for the said premises in controversy [describing them] so deposited and in possession of the Trevett-Mattis Banking Company; that upon the failure or refusal * * * to deliver the said deed, * * * Frank H. Boggs, as special master herein, is hereby ordered and directed to make, execute and deliver to * * * Isaac Kuhn a warranty deed from the said William D. Eppstein and Samuel Eppstein, in statutory form," conveying to him all right, title and interest that the said Samuel Eppstein, William D. Eppstein, or either of them, had in the aforesaid premises, and thereupon "the clerk of this court is ordered and directed to pay out of the sum of $3082" the costs. All that then remains shall be paid by the clerk to the said Samuel and William D. Eppstein. From this decree an appeal was prayed to this court.

WILLIAM E. O'NEILL, and A. D. MULLIKEN, for appellants.

RAY & DOBBINS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The motion by the appellee to dismiss the case on the ground that no freehold is involved was taken with the case.

The chief question raised by the assignment of errors is as to the amount of damages allowed by the decree. All

other questions raised are incidental and subsidiary to this main question. The briefs of both parties show that this is the only point in dispute. The last opinion of this court (in *Eppstein* v. *Kuhn, supra,*) found, in terms, that the former decree of the court requiring specific performance was proper. The trial court did not attempt, and had no right, to review that question. It was *res judicata* under the former decision. (*Hough* v. *Harvey,* 84 Ill. 308; *Washburn & Moen Manf. Co.* v. *Wire Fence Co.* 119 id. 30; *Sanders* v. *Peck,* 131 id. 407; *West* v. *Douglas,* 145 id. 164; *Windett* v. *Ruggles,* 151 id. 184; *Hardin* v. *Shedd,* 177 id. 123; *Noble* v. *Tipton,* 222 id. 639.) Manifestly, the only question left open for review in the lower court by the former decision of this court was simply the amount of damages, and not the title to the property. We held in *Smith* v. *Gallentin,* 171 Ill. 423, that an appeal from a decree requiring specific performance of a contract to convey land upon the payment of an amount of money was to the Appellate Court, where the making of the contract and the right of conveyance were conceded, the only objection being that the decree found a wrong amount due. That is the exact situation that presents itself here, and that case must control.

A freehold is not involved in any of the questions raised by the parties on this appeal, neither will one party gain nor the other lose a freehold as a necessary result of the decree. (*Sanford* v. *Kane,* 127 Ill. 591.) That question was involved in the former proceeding, but was, as has been stated, settled and cannot be again inquired into. On principle, the same reasoning must apply to this case as has frequently been applied by this court to that class of cases where the decree in the lower court did involve the question of freehold but where the errors assigned were as to parts of the decree other than those relating to the freehold, it being held that such appeals should be taken to the Appellate Court. *Miller* v. *Kensil,* 223 Ill. 201; *Malaer* v.

*Hudgens,* 130 id. 225; *In re Estate of Ross,* 220 id. 142; *Hutchinson* v. *Spoehr,* 221 id. 312.

The clerk of this court is directed to transmit all the files herein to the clerk of the Appellate Court for the Third District.

*Cause transferred.*