(No. 23378.— )

PERRY COAL COMPANY *et al.* Appellees, *vs.* M. J. RICH-MOND *et al.* Appellants.

*Opinion filed February 19, 1936.*

FARMER, KLINGEL & BALTZ, for appellants.

M. C. YOUNG, and J. FRED GILSTER, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

On September 18, 1901, Robert Blair and his wife, Mary A. Blair, by quit-claim deed of that date conveyed to the Coulterville Home Mining Company all interest in the coal and salt underlying the surface of the real estate therein described. The consideration for the deed was one dollar and a royalty of one and one-half cents per ton on all coal to be mined from premises, and five per cent of all salt produced, the royalty being reserved to "the said grantors, their heirs or assigns." The coal and salt thus conveyed passed by various *mesne* conveyances to the appellee, Perry Coal Company, who filed a bill of interpleader in the circuit court of Perry county for the purpose of determining the proper person or persons to receive certain royalties in its hands amounting to $227.16. These royalties were claimed on the one hand by the heirs and next of kin of Mary A. Blair and Robert Blair, and on the other hand by appellants, M. J. Richmond and Ella Richmond,

purchasers of the lands in question at a partition sale, subsequent to the death of the original grantors. The owners of the coal under the quit-claim deed were not parties to the partition suit. The trial court entered a decree finding that the appellants had no interest in the fund and the appeal is taken directly to this court.

No one disputes the title of the Perry Coal Company to the coal and salt under the land involved, nor questions its right to conduct mining operations, subject only to the payment of royalties. We have no jurisdiction of a direct appeal unless a freehold is involved, and in order to involve a freehold it must follow from our decision that one party gains and the other loses a freehold estate, or the title to it be so put in issue that the outcome of the case requires a decision as to the title to the freehold. *Burroughs v. Katz,* 226 Ill. 40.

The cause will be transferred to the Appellate Court for the Fourth District.

*Cause transferred.*