(No. 30816.—

IN RE ESTATE OF ARTHUR HEUER.—(FRED W. HEUER
· *et al.,* Appellants, *vs.* HARRIET S. HEUER, Admx., Appellee.)

*Opinion filed January 19, 1949.*

PAUL W. SCHROEDER, of Chicago, for appellants.

HANSEN & TOWLE, (ROLAND TOWLE, of counsel,) both of Chicago, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Appellants seek a review of an order on appeal to the circuit court of Cook County from an order of the probate court of said county denying the prayer of a petition by appellants to have certain property inventoried as real estate, and the proceeds of the sale thereof distributed under the rules of descent.

On September 30, 1946, the deceased, Arthur Heuer, and Harriet S. Heuer, his wife, executed an offer of sale of certain land therein described to Chicago Housing Authority upon certain terms and conditions. On November 22, 1946, the said authority accepted said offer of sale. On April 9, 1947, Arthur Heuer died and the widow, Harriet S. Heuer, appellee, was appointed administratrix, and on June 20, 1947, an inventory was filed and approved listing the property in question as personal property. No part of the purchase price was paid prior to the death of decedent. On June 20, 1947, the administratrix also filed in the probate court a petition for authority to execute a conveyance to the Chicago Housing Authority and named as parties, *inter alia,* the appellants, brothers and sisters of decedent, as heirs-at-law. Due notice of the filing of this petition was given, and on July 22, 1947, a decree was entered by the probate court directing the administratrix to execute and deliver her deed to the authority upon receipt of $35,000 less prorations, the amount stipulated and provided for in the contract. None of the appellants appeared

at the hearing pursuant to which the decree was entered, and the same was taken as confessed against them. No objections were filed to, no motion made to vacate, nor appeal taken from, the decree authorizing issuance of the deed, and the same was a final decree and stands in full force and effect.

Thereafter on July 23, 1947, the administratrix executed and issued her deed and received from the authority the sum of $34,369.89 in full payment for the property.

On November 6, 1947, more than three months after the entry of the decree, all brothers and sisters of decedent, appellants here, filed a petition in the probate court requesting that additional bond be filed, covering the purchase price paid; and stating that the Chicago Housing Authority was in default in that the time for closing had expired under the terms of the contract; that said offer to sell was an unilateral contract enforceable only by the authority and not by decedent; that there was no equitable conversion; and that the property should have been inventoried as real property and the proceeds distributed in accordance with the rules of descent. To this petition the administratrix filed an answer setting forth that no motion to vacate the decree was made, that no appeal was taken therefrom, and that the relief asked in the petition is barred by said decree. The court ordered additional bond be filed but denied the other relief prayed. An appeal from this order was taken to the circuit court of Cook County, a hearing had *de novo,* and in substance a similar order entered. An appeal from this latter order is taken directly here upon the theory a freehold is involved.

Appellants contend there was no equitable conversion under the facts presented and rely upon the last paragraph of page 1 of the offer of sale which reads: "Notwithstanding the prior exercise of this offer the authority in lieu of completing the purchase of said premises may, at any time prior to closing, proceed to acquire the same by condemna-

tion." They assert this clause leaves the option open and makes it the choice of the authority to close the deal or to start condemnation proceedings, in which latter case no equitable conversion could or would take place, and rely upon and cite *Haward* v. *Peavey,* 128 Ill. 430, and *Young* v. *Sinsabaugh,* 342 Ill. 82. Appellants also contend the authority was in default under the terms of the offer to sell and, therefore, there was no mutuality and that the same was not specifically enforceable. Appellee contends the offer was accepted by the authority, and the contract thereby became a duly binding and mutual bilateral contract prior to the death of the decedent; that the same was fully executed by the decree and the subsequent delivery of the deed and payment of the stipulated purchase price; that the matters raised by the petition in question were *res judicata;* and that the decree was final, remains in full force and effect, and is binding on all concerned. Thus the sole substantive question in the case is whether or not equitable conversion took place. If not, the heirs will be entitled to their share of the proceeds of the sale as real estate under the laws of descent. If, on the other hand, conversion did so occur the widow will be entitled to the fund as personalty.

It is highly significant that the appellants, the brothers and sisters, made no objection or appearance at the hearing pursuant to which the decree was entered authorizing the issuance of the deed. They excuse this failure by stating any objections would have been futile inasmuch as the authority could condemn the property. In effect they affirmed the sale, and, after the decree was entered, now seek to follow the proceeds in the hands of the administrator and to treat the same as real estate. No attack was made upon the decree of July 22, 1947, authorizing the issuance of the deed, or the method of the transfer of the title. Appellants apparently considered the same a duly binding offer and acceptance prior to decedent's death and thus treated the proceedings as properly brought pursuant to the statute

providing for the completion of decedent's contract to convey real estate. (Ill. Rev. Stat. 1945, chap. 3, par. 406.) Appellants considered the acceptance of the offer a contract to convey real estate or interest therein within the meaning of this section of the statute. We are not prepared to say what was the effect of the clause authorizing condemnation, above quoted, upon the so-called offer of acceptance, as that question is not before us on this appeal.

The sale was satisfactory to appellants in the manner made, and no question was raised by them at any time as to the procedure employed for the consummation of the sale. No objection is raised to the title of the Chicago Housing Authority, and none can now be so made. The Chicago Housing Authority is not a party to this suit and is in no way concerned in these proceedings. Appellants make no claim to the property sold, and the title is not directly or indirectly involved.

The suit, therefore, resolves itself simply into a question of who shall, under the circumstances here presented, be entitled to receive the proceeds of the sale. This question does not involve a freehold, and the case is not, therefore, properly before this court. A freehold is not involved in any of the questions raised by the parties on this appeal, neither will one party gain nor the other lose a freehold as a necessary result of the order appealed from. (*Miller* v. *Rich,* 231 Ill. 416; *Perry Coal Co.* v. *Richmond,* 362 Ill. 487.) The question of a freehold was involved in the former decree entered on July 22, 1947, but the same was not properly raised. That issue was there settled and cannot again be inquired into. On principle, the same reasoning must apply to this case as has been applied by this court to that class of cases where the decree in the lower court did involve the question of freehold but where the errors assigned were as to parts of the decree or to an order other than those relating to the freehold it being held that such appeals should be taken to the Appellate Court.

(*Kuhn* v. *Eppstein*, 231 Ill. 314, at p. 316, and cases cited.) Here the ownership and title of the real estate is not in issue and a direct appeal will not lie where the order or decree is one for the payment of money only. *Crowley* v. *McCambridge*, 237 Ill. 222.

We find no basis for jurisdiction in this court on direct appeal, and the cause is, therefore, transferred to the Appellate Court for the First District.

*Cause transferred.*